[No. B171814. Second Dist., Div. Three. Apr. 8, 2005.]

ESTHER ARAMBULA, Individually and as Administrator, etc., Plaintiff and Respondent, v.
UNION CARBIDE CORPORATION, Defendant and Appellant.

334

## COUNSEL

McKenna Long & Aldridge, William J. Sayers, Farah S. Nicol and Margaret I. Johnson for Defendant and Appellant.

Brayton Purcell, Alan R. Brayton, Gilbert L. Purcell, Lloyd F. LeRoy and Nancy B. Thorington for Plaintiff and Respondent.

## OPINION

**CROSKEY, J.**—Union Carbide Corporation (Union Carbide) appeals an order vacating a summary judgment in its favor on the complaint by Esther Arambula, individually and as administrator of the estate of her deceased husband. Union Carbide contends (1) Arambula is not entitled to relief under Code of Civil Procedure section 473,[1] subdivision (b), because she failed to serve the motion for relief within six months after entry of the summary judgment order or judgment and therefore failed to timely apply for relief as required by the statute; (2) Union Carbide did not waive the six-month limit by appearing at the hearing and contesting the motion on the merits; and (3) the six-month period to apply for relief under the statute cannot be extended under the statute. We agree with these contentions and reverse the order.

---

[1] All statutory references are to the Code of Civil Procedure unless stated otherwise.

## FACTUAL AND PROCEDURAL BACKGROUND

Arambula filed a complaint against Union Carbide and others in November 2001 alleging wrongful death and several counts for personal injury arising from her deceased husband's alleged exposure to asbestos. She filed a case report in November 2002 providing information on her husband's exposure and medical history, as required by a general order governing asbestos cases in the Los Angeles County Superior Court.

Union Carbide moved for summary judgment in December 2002 on the ground that the case report did not identify any Union Carbide product to which the decedent allegedly was exposed.[2] Arambula filed an opposition and a supplemental case report listing several witnesses who purportedly would testify that the decedent was exposed to products containing asbestos supplied by Union Carbide. Arambula acknowledged that she had failed to file the supplemental case report within the time required by the general order, and requested relief under section 473, subdivision (b), to allow consideration of the supplemental case report.

The court granted the summary judgment motion in a minute order filed on February 4, 2003. The minute order stated that the supplemental case report was filed only seven days before the hearing, rather than 10 days as required by the general order, and impliedly denied the request for relief under section 473, subdivision (b). The minute order also stated that Arambula had failed to file a separate statement of disputed facts and therefore failed to show a triable issue of material fact. The court entered a judgment in favor of Union Carbide on February 7, 2003. Union Carbide served a notice of entry of judgment on February 14, 2003.

On July 22, 2003, Arambula filed an ex parte application for an order shortening time to hear a motion for relief (§ 473, subd. (b)) from the summary judgment. Arambula and Union Carbide, through counsel, both appeared before the court on the ex parte application. The court denied the application stating that shortened notice was unnecessary.

Arambula filed a motion for relief from the summary judgment order and judgment on July 31, 2003. She argued that her failure to timely file the supplemental case report was due to her counsel's excusable neglect and that the court granted the summary judgment motion based solely on the absence

---

[2] A general order provided an expedited procedure for a summary judgment motion based on the absence of "product identification" information pertaining to a particular defendant.

of product identification information in her original case report. She served the motion on several parties, but did not serve the motion on Union Carbide because Union Carbide was no longer on her service list. Union Carbide first learned of the motion on August 27, 2003, the date of the hearing, when Arambula's counsel saw Union Carbide's counsel in another courtroom and asked why Union Carbide had not opposed the motion. Union Carbide's counsel then appeared at the hearing on the motion for relief and explained that Union Carbide had not been served. The court stated that the motion must be taken off calendar and suggested that Arambula serve the motion on Union Carbide that day and schedule a hearing for 21 days later.

Arambula filed another motion for relief from the summary judgment order and judgment on August 27, 2003, and served the motion on Union Carbide the same day. The notice of motion stated that the motion was identical to the motion filed on July 31 except that the new motion requested additional relief under section 473, subdivision (b), "so that the Court may deem plaintiffs' motion as filed and served on July 31, 2003." Union Carbide opposed the motion on the ground that it was untimely, and on other grounds. The court granted the motion on September 17, 2003, stating in a minute order that relief was mandatory under the statute because the summary judgment was based on a procedural default and was not on the merits. The minute order stated that Union Carbide waived any defect in the notice by appearing and contesting the motion. It stated, "Section 473 provides, in effect, that the relief therein specified may not be given until after notice to the adverse party, but it does not provide that no application for the relief can be made to the court until after such notice has been given. *Brownell v. Superior Court* (1910) 157 Cal. 703, 709–710 [109 P. 91]. Here Plaintiff applied to this Court within six months. Furthermore, Defendant has opposed this Motion on the merits, so any defect in notice has been waived."

## CONTENTIONS

Union Carbide contends (1) Arambula failed to timely apply for relief as required by section 473, subdivision (b), because she failed to serve the motion for relief within six months after entry of the summary judgment order or judgment; (2) Union Carbide did not waive the six-month limit by appearing at the hearing and contesting the motion on the merits; and (3) the six-month period to apply for relief under the statute cannot be extended under the statute. Union Carbide also challenges the order on other grounds that we need not address.

## DISCUSSION

1. *Arambula Failed to Timely Apply for Relief*

■ A court may relieve a party from "a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Relief from a default entered by the clerk or a resulting default judgment or dismissal is mandatory if a timely application for relief is accompanied by an attorney's affidavit of fault, unless the court finds that the default or dismissal was not caused by the attorney's mistake, inadvertence, surprise, or neglect. (*Ibid.*) Absent an appropriate attorney's affidavit of fault, relief is discretionary. (*Ibid.*) Because the law favors the adjudication of disputes on the merits, courts liberally construe the statute in favor of relief. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 255–256 [121 Cal.Rptr.2d 187, 47 P.3d 1056].)

An "[a]pplication" for discretionary relief must be made within a reasonable time, not exceeding six months, after the judgment, dismissal, order, or proceeding was taken. (§ 473, subd. (b).)[3] An "application" for mandatory relief must be made within six months after entry of judgment. (*Ibid.*)[4] Section 473 does not define "application." The six-month limit is mandatory; a court has no authority to grant relief under section 473, subdivision (b), unless an application is made within the six-month period.[5] (*Brackett v. Banegas* (1893) 99 Cal. 623, 627–628 [34 P. 344]; *Davies v. Superior Court* (1964) 228 Cal.App.2d 535, 539–540 [39 Cal.Rptr. 693]; *Jones v. Alexander* (1950) 101 Cal.App.2d 44, 46 [224 P.2d 870].)

■ Statutory construction is a question of law that we review de novo. (*Barner v. Leeds* (2000) 24 Cal.4th 676, 683 [102 Cal.Rptr.2d 97, 13 P.3d 704].) Our task in construing a statute is to ascertain the legislative intent so as to effectuate the purpose of the law. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) "We

[3] "Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).)

[4] The mandatory relief provision requires "an application for relief . . . made no more than six months after entry of judgment." (§ 473, subd. (b).)

[5] The six-month limitation does not apply to a motion for relief from a judgment that is void on its face or a motion for equitable relief based on extrinsic fraud or mistake. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [35 Cal.Rptr.2d 669, 884 P.2d 126]; *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239 [79 Cal.Rptr.2d 719].)

first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context. [Citations.] These canons generally preclude judicial construction that renders part of the statute 'meaningless or inoperative.' [Citation.] In addition, words should be given the same meaning throughout a code unless the Legislature has indicated otherwise." (*Id.* at pp. 715–716.) We cannot insert qualifying language where it is not stated or rewrite the statute to conform to a presumed intention that is not expressed. (§ 1858; *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175]; *California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].)

■ Section 1003 states, "An application for an order is a motion." Section 1005.5 states that a motion is deemed to be made on the grounds stated in the written notice of motion upon filing and service of the notice of motion.[6] Section 1005.5, enacted in 1953, abrogated the former rule that a motion was made only upon oral presentation of a request to the court. (*Ensher, Alexander & Barsoom v. Ensher* (1964) 225 Cal.App.2d 318, 324–325 [37 Cal.Rptr. 327]; *Milstein v. Sartain* (1943) 56 Cal.App.2d 924, 930–931 [133 P.2d 836] [stating the former rule].) In light of sections 1003 and 1005.5, we conclude that an application for relief under section 473, subdivision (b), is a motion and that an application for relief under the statute is deemed to be made *upon filing in court of a notice of motion and service of the notice of motion on the adverse party.* (*Garcia v. Gallo* (1959) 176 Cal.App.2d 658, 669 [1 Cal.Rptr. 539].) Therefore, absent service on the adverse party, there is no "*application*" for relief.

Arambula filed her first motion for relief on July 31, 2003, within six months after entry of the summary judgment order and judgment. She did not serve the motion on Union Carbide either personally, by mail, or by any other method at any time during the six-month period, however.[7] That motion was therefore untimely and the court had no authority to grant the requested relief. The motion for relief filed on August 27, 2003, also was untimely because

---

[6] "A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled. Procedure upon a motion for new trial shall be as otherwise provided." (§ 1005.5.)

[7] Service by mail is complete at the time the notice of motion is deposited in the mail. (§ 1013, subd. (a).) Personal service is complete at the time of personal delivery. (See § 1011.)

Arambula both filed the motion and *served it on Union Carbide after the six-month period had expired, so the court had no authority to grant the requested relief.*[8]

*Brownell v. Superior Court, supra*, 157 Cal. 703 is not on point. In that case, an attorney appeared before the court on September 21, 1909, within the six-month period, requesting relief under section 473, stating the grounds for relief and filing supporting affidavits. The court issued an order to show cause the same day. The attorney served the order and a notice of motion on the adverse party the same day, within the six-month period. The hearing took place after the six-month period had expired. (*Brownell, supra*, at p. 709.) The question before the California Supreme Court was whether the application was complete upon the events of September 21, or only upon the expiration of the five days' notice period required by law for a notice of motion. The *Brownell* court concluded that the application was sufficient as of September 21, and therefore was timely. The court stated, "Section 473 provides, in effect, that the relief therein specified may not be given until after notice to the adverse party, but it does not provide that no application for the relief can be made to the court until after such notice has been given. If it did require this, since five days' notice must be given, the effect would be to reduce the six months' period by five days." (*Id.* at pp. 709–710.) *Brownell* did not hold that an oral request to the court without service of a notice of motion constituted an application for relief under the statute, and the facts of the case were that the attorney both presented an oral request to the court and served a notice of motion within the six-month period. Moreover, Code of Civil Procedure section 1005.5, enacted in 1953, after the *Brownell* opinion, states that a motion is deemed to be made upon the filing *and service* of the notice of motion. We therefore conclude that *Brownell* does not support the proposition that Union Carbide timely applied for relief on July 31, 2003, by merely filing the notice of motion.

### 2. *Union Carbide Did Not Waive the Six-month Limit*

■ A party who appears at the hearing on a motion and contests the motion on the merits without objecting to a defect or irregularity in the notice of motion ordinarily is deemed to waive the defect or irregularity, including the failure to serve a notice of motion the prescribed number of days before the hearing. Courts have applied this rule where the party failed

---

[8] We need not decide whether the two motions effectively were one and the same so that service of the second motion constituted service of the first motion, as Arambula maintains. Her failure to serve either motion within the six-month period compels the conclusion that the court had no authority to grant the requested relief.

to object at the hearing (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561–562 [194 Cal.Rptr. 773, 669 P.2d 9]; *Adams v. Roses* (1986) 183 Cal.App.3d 498, 507 [228 Cal.Rptr. 339]; *Farrar v. McCormick* (1972) 25 Cal.App.3d 701, 705 [102 Cal.Rptr. 190]; *Kowalski v. Cohen* (1967) 252 Cal.App.2d 977, 979 [60 Cal.Rptr. 874]), where the objection was deemed inadequate (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697 [91 Cal.Rptr.2d 844] [failure to request a continuance]; *Tate v. Superior Court* (1975) 45 Cal.App.3d 925, 930 [119 Cal.Rptr. 835] [failure to move to quash the notice], disapproved on another point in *Wilson, supra,* at p. 560; *McConaghy v. McConaghy* (1966) 239 Cal.App.2d 601, 604 [48 Cal.Rptr. 845] [failure to request a continuance or object orally at the hearing]), and where the party may have objected but failed to show prejudice resulting from the defective notice (*Carlton, supra,* at pp. 697–698; *De Luca v. Board of Supervisors* (1955) 134 Cal.App.2d 606, 609 [286 P.2d 395]; see also *Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 7–8 [207 Cal.Rptr. 233] [applied the rule without stating whether the party objected at the hearing or was prejudiced]). Courts applying the waiver rule generally have concluded that the party's appearance at the hearing and opposition on the merits showed that the notice "served its purpose," despite any defect (*De Luca, supra,* at p. 609; accord, *Carlton, supra,* at p. 697), and that any defect in the notice did not prejudice the party's preparation for the hearing and opportunity to be heard. (*Adams, supra,* at p. 507; *Farrar, supra,* at p. 705.)

██ The principal purpose of the requirement to file and serve a notice of motion a specified number of days before the hearing (§ 1005, subd. (b)) is to provide the opposing party adequate time to prepare an opposition. That purpose is served if the party appears at the hearing, opposes the motion on the merits, and was not prejudiced in preparing an opposition by the untimely notice. The requirement that a party applying for relief under section 473, subdivision (b), must file and serve a notice of motion within six months serves different purposes. Those purposes include protecting the finality of judgments (*Rappleyea v. Campbell, supra,* 8 Cal.4th at pp. 981–982), providing repose to litigants by ensuring that judgments and orders are free from attack under the statute after a period of time (cf. *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 396 [87 Cal.Rptr.2d 453, 981 P.2d 79] [discussing statutes of limitations]), and avoiding stale claims for relief based on facts that are not within recent memory and where evidence may no longer be preserved (cf. *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 777 [16 Cal.Rptr.3d 404, 94 P.3d 538] [discussing statutes of limitations]). Those purposes are not necessarily served if the party appears at the hearing, opposes the motion on the merits, and is not prejudiced in preparing an opposition. Rather, those purposes ordinarily are served only if the six-month limit is enforced.

■ The six-month limit under section 473, subdivision (b), is more akin to a statute of limitations than a statute governing the notice period for a notice of motion. A statute of limitations reflects a balancing of interests by the Legislature between the policy favoring repose and the policy favoring adjudication on the merits. (*Norgart v. Upjohn Co., supra,* 21 Cal.4th at p. 396.) A statute of limitations is inflexible in its application and does not apply on a case-by-case basis. (*Id.* at p. 395.) A party who timely asserts the statute of limitations as a defense does not waive the statute of limitations by appearing at a hearing and litigating the merits. Similarly, the six-month limit under section 473, subdivision (b), reflects a balancing of interests by the Legislature between the policies favoring repose and the finality of judgments and the policy favoring adjudication on the merits; the outside limit of six-months applies inflexibly, and a party who asserts an objection that an application for relief was not made within the six-month limit does not waive the six-month limit by appearing at a hearing on the motion and opposing the motion on the merits.

### 3. *The Court Had No Authority to Grant Relief from the Six-month Limit*

Courts have held that some statutory time limits must be strictly enforced and that a court has no authority under section 473, subdivision (b), to grant relief from a party's failure to comply with those time limits. The time limits that are not subject to relief under section 473, subdivision (b), include, among others, statutes of limitations (*Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193] [Code Civ. Proc., § 340.5]; *Hanooka v. Pivko* (1994) 22 Cal.App.4th 1553, 1563 [28 Cal.Rptr.2d 70] [same]; *Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 794–795 [176 Cal.Rptr. 214] [Gov. Code, § 11523]) and the time to file a notice of intention to move for a new trial (*Union Collection Co. v. Oliver* (1912) 162 Cal. 755, 756–759 [124 P. 435]; *Kisling v. Otani* (1962) 201 Cal.App.2d 62, 67–68, 71 [19 Cal.Rptr. 913]) or to set aside a judgment under section 663 (*Advanced Building Maintenance v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1394 [57 Cal.Rptr.2d 310]). Some courts have considered the absence of a statutory provision allowing relief from a statute of limitations for good cause as an indication that the Legislature did not intend to allow relief for good cause or based on the grounds stated in section 473, subdivision (b). (*Hanooka, supra,* at p. 1563 ["We conclude that applying section 473 . . . would create a 'loophole' not envisioned by the Legislature"]; *Kupka, supra,* at pp. 794–795.)

■ We hold that the six-month limit under section 473, subdivision (b), is sufficiently similar to a statute of limitations or the statutes governing the time to file a notice of intention to move for a new trial (§ 659) and to set

aside a judgment under section 663 (§ 663a) that the same rule should apply here. (Cf. *Life Savings Bank v. Wilhelm* (2000) 84 Cal.App.4th 174, 177–178 [100 Cal.Rptr.2d 657] [held that section 726, subdivision (b), establishing a three-month period to apply for a fair value determination and deficiency judgment, is a statute of limitations and therefore cannot be subject to relief under section 473, subdivision (b)]; *Advanced Building Maintenance v. State Comp. Ins. Fund, supra,* 49 Cal.App.4th at p. 1394 [held that section 473, subdivision (b), cannot extend a "jurisdictional" deadline].) Specifically, the six-month limit under section 473, subdivision (b), protects the finality of judgments, as does the time limit to file a notice of intention to move for a new trial or to set aside a judgment under section 663. The six-month limit also provides repose to litigants and a more certain end to litigation, just as the time limit to file a notice of intention to move for a new trial or to set aside a judgment under section 663 provides repose to litigants and a statute of limitations provides repose to potential litigants. The six-month limit also ensures that a motion for relief will be made promptly when memories are fresh, just as statutes of limitations and, to an even greater degree, the short time limits under sections 659 and 663a ensure that the proceedings occur promptly. These important interests justify the conclusion that if the Legislature had intended to allow an exception to the six-month limit, it would have expressed that intention in the statute, and that the six-month limit must be strictly enforced.

■ There is no indication in the language of section 473, subdivision (b), that the Legislature intended to authorize a court to relieve a party from the failure to timely apply for relief. The statute states that an application for discretionary relief "shall be made within a reasonable time, *in no case exceeding six months*, after the judgment, dismissal, order, or proceeding was taken," and that that an application for mandatory relief must be made "*no more than six months* after entry of judgment." (*Ibid.*, italics added.) This language does not suggest that an exception should exist based on mistake, inadvertence, surprise, or excusable neglect or an attorney's affidavit of fault. Moreover, it appears unlikely that the Legislature would have intended to allow the use of section 473, subdivision (b), to excuse a party's noncompliance with that very statute without expressly stating so. Finally, to allow a court to grant relief from the failure to timely move for relief would effectively extend the outside time limit on an application for relief under the statute from six months to one year. It is unlikely that the Legislature intended to allow such an extension. Accordingly, we hold that a court has no authority under section 473, subdivision (b), to excuse a party's noncompliance with the six-month time limit.

## *DISPOSITION*

The order is reversed. Union Carbide is entitled to recover costs on appeal.

Klein, P. J., and Aldrich, J., concurred.