Filed 3/27/14  Esparza v. Macareno CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DIANE ESPARZA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PAULINE MACARENO et al.,<br><br>    Defendants and Respondents. | B249477<br><br>(Los Angeles County<br>Super. Ct. No. PC051840) |

        APPEAL from an order of the Superior Court of Los Angeles County, Stephen P. Pfahler, Judge.  Affirmed.

        Neighborhood Legal Services of Los Angeles County, Brian Bilford and David Pallack for Plaintiff and Appellant.

        Forry Law Group and Craig B. Forry for Defendant and Respondent Hopevale Development, Inc.

        Pauline Macareno, in pro. per., for Defendant and Respondent.

_____

Diane Esparza appeals from an order granting defendants relief from default under Code of Civil Procedure section 473, subdivision (b)[1] on the ground of excusable neglect. Esparza argues the trial court abused its discretion in granting defendants relief from default. We find no abuse of discretion and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Esparza is a tenant of defendants Pauline Macareno and Hopevale Development, Inc.,[2] the owners and managers of a rent-controlled property let by Esparza's family. Esparza filed this action in November 2011 seeking relocation assistance under a Rent Stabilization Ordinance, and other relief based on defendants' attempts to use self-help to force her family to vacate the rental property.

Defendants retained attorney Elise Lampert to represent them in this action. On March 28, 2012, Lampert filed a notice of motion and motion to be relieved as counsel. That notice was served by mail on March 28, 2012 on defendants at 10550 Sepulveda Boulevard, Suite 103, Mission Hills, California 91345 (the Sepulveda address). Lambert's motion to withdraw was set for hearing on May 14, 2012.

On April 12, 2012, Esparza filed a motion seeking leave to file a first amended and supplemental complaint (FASC). Lampert was served with the motion and proposed FASC.

On April 25, 2012, judgment was entered in a related unlawful detainer action in favor of Esparza and against Hopevale Development, Inc. After losing the unlawful detainer action, Hopevale Development, Inc. essentially ceased participating in this litigation.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Hopevale Development, LLC was a defendant below, but is not a party to this appeal. Only Hopevale Development, Inc. filed a substantive brief on appeal. Macareno, President of Hopevale Development, Inc., joined Hopevale Development, Inc.'s brief.

The initial notice of motion to withdraw as counsel indicated that Lambert sought only to withdraw as counsel for Hopevale Development, LLC. However, the notice of ruling from the May 14, 2012 hearing clarified that Lampert sought to withdraw as counsel for all defendants. At the May 14, 2012 hearing, the court ordered Lampert "to give additional notices to the defendants," and set a new hearing on Lambert's withdrawal motion for July 3, 2012. The renewed notice reflects that Lambert's motion was not opposed by Esparza, whose "pending motion to supplement/amend the complaint [was] currently slated for hearing." Lambert served defendants with notice of the court's May 14, 2012, ruling the same day at the Sepulveda address by certified mail. In addition to a duplicate of the March 2012 motion seeking to be relieved as counsel, and a proposed order, Lambert also served defendants with a copy of her March 27, 2012 declaration, in which she stated there had been a breakdown in the attorney-client relationship, in that "[t]he client has refused to cooperate with the necessary steps in the litigation and has been persistent in their refusal to pay outstanding attorney fees."

On June 6, 2012, the trial court granted Esparza's motion. The FASC was deemed served and filed and defendants were given 30 days, or until July 6, 2012, to respond to the amended pleading. That same day, Esparza's counsel served Lampert's office with notice of the court's ruling and order.

David Pallack, one of Esparza's attorneys, submitted a declaration stating he and Macareno had direct contact between May 31, and sometime in July 2012.[3] On June 4, 2012, Macareno told Pallack, "from this point forward I will be representing myself in Pro Per, so any documents that you may need to serve, you can do so at the Sepulveda address you have." During that time period, Macareno also told Pallack to contact her, serve her, and to have Esparza pay utilities to her at the Sepulveda address.

---

[3] In a May 31, 2012 email, Pallack informed Macareno that her "attorney, Elise Lambert, gave [his] office permission to contact [Macareno] directly."

3

Lampert's motion to be relieved as counsel was granted as to Macareno on July 3, 2012. Neither Hopevale entity is mentioned in the form order Lambert presented to the trial court or in the trial court's July 3, 2012 minute order.

Neither Macareno or the Hopevale entities responded to the FASC. On July 10, 2012, Esparza requested and received entry of each defendant's default. Defendants were served with the notice of default at the Sepulveda address. On January 4, 2013, default judgment was entered against all defendants, amended nunc pro tunc on January 28, 2013, to correct a tabulation error.

On January 2, 2013, represented by attorney Craig Forry, Macareno and Hopevale Development, Inc. filed a motion for relief from default on the ground of "'excusable neglect.'"[4] (§ 473, subd. (b.) They claimed they had not been aware of the due date for responding to the FASC because Macareno had not used the Sepulveda address location as an office after December 2011, nor had she received mail at that address in July 2012 or thereafter. In a declaration attached to the motion for relief, Macareno stated that, in June 2012, she signed substitutions of attorney for herself and Hopevale Development, Inc., that Lambert prepared, but had not known whether those documents were filed with the court. She also did not know Esparza had received leave to file the FASC, or that a response to that pleading had been due within 30 days of June 6, 2012. Macareno claimed to have learned for the first time in December 2012, after retaining Forry, that defaults had been entered against herself and Hopevale Development, Inc. in July 2012.

---

[4] The motion was timely, but only just—it was filed on January 2, 2013, eight days before the strict six-month limitations period for such motions expired. (§ 473, subd. (b) ["Application for . . . relief . . . shall be made within a reasonable time, in no case exceeding six months, after the . . . order . . . was taken"]; *Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 345 [six-month limit is strictly enforced and no relief may be obtained under § 473, subd. (b) after time period has elapsed].) Defendants did not explain why no action was taken between whatever date they did become aware Lambert no longer represented them, and the unspecified date in December 2012 when Macareno contacted Forry "to check on" the status of this litigation.

4

In March 2013, Forry filed a supplemental declaration in support of defendants' motion seeking to vacate the defaults. Forry's declaration states that, after reviewing Lampert's litigation file in this action, which he obtained in late February 2013, he saw no evidence that Lampert ever advised defendants when their response to the FASC was due. Forry also declared that the substitutions of attorney in Lampert's file, which reflected a service date of June 18, 2012, were defective because they: (1) lacked the defendants' addresses and phone numbers, (2) failed to reflect that new counsel had been retained or had signed the forms on behalf of either Hopevale entity, and (3) did not indicate that Lampert had either told defendants about or served them with conformed copies of the substitutions. Forry further declared that Lampert's file contained no evidence that she ever served any defendant with a signed copy of the July 3, 2012 order granting her motion to be relieved as counsel, or that she ever told her clients they were now self-represented.

In opposition to the motion for relief from default, Esparza submitted a declaration from Lampert stating she advised defendants of the ruling granting Esparza leave to file the FASC, provided them a copy of that pleading, and advised them of their obligation to respond to the FASC and the deadline by which to do so. Lampert also stated that she "timely" provided Macareno and Hopevale Development, Inc. a copy of her file in this matter once the court relieved her as counsel. Lampert stated that Forry's declaration omitted important email exchanges between herself and Macareno and other relevant information, and that she had refused to sign a declaration Forry prepared for her after he refused to correct "gross inaccuracies clearly intended to foist blame" on her office.

In support of her opposition to defendants' motion, Esparza also submitted transcripts from depositions of Macareno and Hopevale Development, Inc.'s bookkeeper, taken in mid-February and mid-March 2012, respectively, in which each had testified that Hopevale Development, Inc.'s office was then located at the Sepulveda address.

Following oral argument on May 1, 2013, the trial court issued an order stating that it found "relief [was] appropriate under the liberal requirements for granting relief

5

under Code of Civil Procedure (CCP) Section 473(b)," and vacated the defaults. Esparza appeals.

## DISCUSSION

Esparza contends the trial court erred in granting defendants' motion for relief from default under section 473, subdivision (b), because defendants failed to demonstrate excusable neglect. Though the question is a close one, we must disagree.

1. *Criteria for application of section 473, subdivision (b), and the standard of review*

Under section 473 a trial court may relieve a party from a default caused by the party's "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) To obtain relief, the party must show his or her neglect or mistake was "excusable," e.g., the acts of a reasonably prudent person under the same circumstances. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206.)

A trial court's ruling on a section 473 motion to set aside a default is reviewed for abuse of discretion. The outcome of such a motion "'rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion.' [Citations.]" (*City of Ontario v. Superior Court* (1970) 2 Cal.3d 335, 347.) "The trial court's ruling on such a motion [receives the utmost] deference: Its discretionary determinations will not be reversed in the absence of a clear showing of abuse [citations], and factual inferences . . . are presumed correct [citation]. Combined with the strong policy favoring resolutions on the merits, this deference produces an especially strong appellate presumption in favor of rulings granting relief: '[A]ppellate courts are much more disposed to affirm an order where the result is to compel a trial on the merits than they are when the judgment by default is allowed to stand . . . .' [Citations.]" (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1139–1140.) "Because the law favors disposing of cases on their merits, '*any* doubts in applying section 473 *must* be resolved in favor of the party seeking relief from default [citations].'" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980 (*Rappleyea*), italics added.)

6

*2.    Analysis*

Defendants maintain the only reason they failed to file a response to the FASC and that their defaults were taken was because Macareno did not know Lambert filed substitutions of attorney in June 2012, or that her motion to be relieved as counsel was granted on July 3, 2012, and that Macareno was then self-represented. Esparza, in turn asserts that, by early June 2012, defendants were fully aware that Lambert no longer represented them. The factual record on this point is somewhat ambiguous. Accordingly, we defer to the trial court.

The pivotal time period for purposes of this discussion is early June through early July 2012. Evidence of what Macareno knew during that period is mixed. In an email sent to Pallack on June 4, 2012, Macareno appears to confirm the understanding that Lambert no longer represented her in this action: "as far as the civil suit . . . from this point forward I will be representing myself in Pro Per . . . ." Then the record gets murkier. On June 18, 2012, Pallack asked Macareno whether she had "filed the Substitution of Attorney form yet?," and asked her, "Let me know when you have and we can talk further."[5] In response, Macareno stated, "Yes it was filed with the court on Friday." Pallack asked Macareno to provide him a "signed copy of the form." The next

---

[5] On September 23, 2013, Esparza filed an unopposed motion to augment the appellate record to have this court consider additional evidence of an email thread between her counsel and Macareno on June 18–19, 2012. This evidence is relevant to the issue of whether defendants knew substitution of attorney forms had been filed with the court. The motion is granted. The evidence will be considered. (Code Civ. Proc., § 909; Cal. Rules of Court, rule 8.252(c)(3).)

Esparza has also requested that we take judicial notice of the civil register in this action. "While we may take judicial notice of court records . . . (Evid. Code, § 452, subds. (c), (d)), the truth of matters asserted in such documents is not subject to judicial notice [citation]." (*Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482.) "Pursuant to Evidence Code section 452, subdivision (d), we will take judicial notice of these documents as '[r]ecords of . . . any court of this state.' (Evid. Code, § 452, subd. (d)(1).)" We will "not take judicial notice of the truth of any actual assertions . . . in the document. (*Id*. at p. 483.)

7

day Macareno sent Pallack substitution of attorney forms for herself and each Hopevale entity, which she had signed on June 12, 2012. After receiving the documents, Pallack wrote again to Macareno, apparently unsatisfied, telling her the forms still "need[ed] to be fully filled out, mailed, proofs of service signed, and then filed with the court." Pallack asked Macareno whether "Elise Lambert [was] doing that?," to which Macareno responded, "yes." Thus, notwithstanding her earlier representation, the record reflects that, as of June 18 or 19, Macareno may have had some legitimate confusion as to whether Lambert was still acting on defendants' behalf, at least as to a final act of formally ending her representation.

Lambert declares that she "timely complied with [her] obligation to advise . . . Macareno and Hopevale Development[, Inc.] of the ruling . . . granting [Esparza] leave to file her [FASC]." She also states that she promptly provided Macareno and Hopevale Development Inc. a copy of that pleading, "and advised them of the deadline to respond to it." But, apart from a claim in Lambert's declaration that she shared this information with defendants (a claim contradicted by Macareno's representation that defendants did not know when the response to the FASC was due), the record contains no definitive evidence that defendants were specifically informed of the date on which their response to the FASC was due.

Further, Lambert declares that, after the trial court granted her motion to withdraw as counsel, she "timely provided . . . Macareno and Hopevale Development[, Inc.] a copy of the file in this matter." Defendants do not dispute that Lambert turned over her file at some point after she was relieved as counsel on July 3, 2012, nor is there any dispute that the file contained conformed copies of substitution of attorney forms, filed June 19, 2012. However, the record contains no indication of the date Lambert delivered that file. Even if Lambert transferred her file to defendants immediately after being relieved as counsel—the day before a national holiday—if defendants had not until that point known for certain that Lambert's withdrawal was effective, they would then have had only two court days to respond to the FASC. Defendants' default was taken on July 10, 2012, four days after that response was due. Macareno testified that she received no mail at the

8

Sepulveda address in or after July 2012. Although Macareno provided no explanation as to why defendants waited until December 2012 to retain new counsel to check on the status of this litigation, their section 473, subdivision (b) motion was nevertheless timely. Esparza does not assert, nor has she demonstrated, that she was prejudiced by defendants' delay, or the trial court's grant of relief from default.

Under the circumstances, we conclude the trial court did not abuse its discretion in finding, under the liberal standard articulated in *Rappleyea*, *supra*, 8 Cal.4th 975, that as respondents made at least a minimal affirmative showing of what may be deemed reasonable mistake or excusable neglect, relief under section 473, subdivision (b). (*Id.* at p. 980; see also *Hopkins & Carley v. Gen* (2011) 200 Cal.App.4th 1401,1410 [section 473, subd. (b), is a remedial statute, "'liberally applied to carry out the policy of permitting trial on the merits'"].) The law favors trial on the merits where excusable mistake or neglect is shown and the opposing party will suffer no prejudice. Any doubts must be resolved in favor of the party seeking relief from default. (*Rappleyea*, at p. 980.)

For these reasons, we conclude that the trial court did not abuse its discretion in granting the motion to set aside the defaults.

**DISPOSITION**

The order is affirmed.  No costs are awarded.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


ROTHSCHILD, Acting P. J.


MILLER, J.*

---

 * Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.