Filed 12/14/23  Spikes v. Ubence CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>Plaintiff,<br><br>TIFFANY UBENCE, as Successor in Interest, etc.,<br><br>Appellant;<br><br>v.<br><br>AFSHIN KARIMI,<br><br>Defendant and Respondent. | D081249<br><br><br>(Super. Ct. No. 37-2019-00028310-CU-CR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, James A. Mangione, Judge.  Reversed and remanded.

Law Office of Geoffrey T. Bentley and Geoffrey T. Bentley for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Tiffany Ubence, the successor in interest to deceased plaintiff Karel Spikes, appeals from an order of the Superior Court setting aside a default judgment that had been entered in her favor against defendant Afshin

Karimi. Appellant argues that the trial court did not have jurisdiction to grant the motion because it was untimely. We agree, and therefore we reverse the order.

## I. PROCEDURAL HISTORY

Spikes filed a complaint against Karimi and The Dank House on June 3, 2019. Karimi received notification regarding the lawsuit and filed an amended answer on February 14, 2020, but apparently did not respond further. According to Karimi, he understood that the other defendant, The Dank House, had negotiated and would pay a settlement on his behalf.

On June 17, 2020, Spikes filed a motion to compel responses to form interrogatories served on Karimi, and, on January 11, 2021, Spikes filed a motion for terminating sanctions against Karimi. The trial court entered a default against Karimi on June 1, 2021, upon Spikes' request, and on October 12, 2021, the court entered judgment by default against Karimi and in favor of Spikes in the total amount of $55,525.45. Spikes died that same day, October 12, 2021.

On November 23, 2021, Karimi filed a notice of motion and motion ("the motion") to set aside the June 1, 2021, default and the October 12, 2021 default judgment, along with a memorandum of points and authorities and a declaration in support of the motion. The notice indicated that the motion would be heard on May 27, 2022. On April 29, 2022, counsel for Spikes filed a "Notice of Death" regarding Spikes. On May 6, 2022, Karimi filed an additional declaration from his former lawyer admitting fault in failing to respond to the discovery and the motion to compel discovery, and served the motion and the supporting documents on attorney Bentley, on behalf of "Plaintiff, Karel Spikes."

In the motion, Karimi contended that the default and the judgment were "the result of the mistake, inadvertence, and neglect of his attorney, Scott N. Salmu," and in the supporting documents, he explained further that he was unaware of the discovery or the defaults because his attorney did not tell him about either. In the corresponding declaration, Salmu averred that "[t]he default and default judgment were entered through my mistake, and/or inadvertence, and/or neglect in that I failed to timely respond to discovery propounded by Plaintiff, received the filings of Plaintiff's motion to compel discovery responses and failed to file any response, and/or failed to advise my former Client/Defendant to do so." Based on those assertions, Karimi sought relief under Code of Civil Procedure section 473, subdivision (b).[1]

At the hearing on May 27, 2022, counsel for Karimi appeared, but no one appeared for the plaintiff. The court granted defendant Karimi's motion to set aside the default and the default judgment, and signed the order granting the motion.

Ubence, as Spikes' successor in interest under Probate Code section 13100, timely appeals.

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

## II.   DISCUSSION

### A.   *Standard of Review*

A trial court's ruling granting discretionary relief under section 473, subdivision (b) is reviewed for abuse of discretion.  (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 24.)  However, "[a]ny exercise of discretion must rest on correct legal premises, of course, and in that respect our review is de novo."  (*Id. a*t p. 25.)  It is an abuse of discretion to apply the wrong legal standard.  (*Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1089.)

### B.   *Analysis*

Karimi sought relief from the default and default judgment based on an alleged mistake, inadvertence, surprise, or excusable neglect by his counsel, pursuant to section 473, subdivision (b).  He did not raise any other grounds for relief in his motion or the supporting documents.

Section 473, subdivision (b) provides that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. *Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.*"  (Italics added.)  The six-month time limit for granting relief under section 473, subdivision (b) is jurisdictional, and "the court may not consider a motion for relief made after that period has elapsed."  (*Mansor, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42 (*Mansor*); see also *Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 340 (*Arambula*) ["An 'application' for mandatory relief must be made within six months after entry of judgment . . . a court has no authority to grant relief

4

under section 473, subdivision (b), unless an application is made within the six-month period"].)  The issue presented in this appeal is whether the application was "made" within the six-month time frame.  We conclude that it was not.

Appellant contends that although Karimi filed his motion a little more than a month after the entry of judgment of default, he failed to serve it until May 6, 2022.  He also did not file, or serve, the declaration from his former attorney, Salmu, supporting the motion, until May 6, 2022.  Appellant correctly notes that the delay in service had the effect of delaying the effective date of the motion for relief well beyond the six-month limit in section 473, because the "application for relief" was not effective until service was perfected.  (*Arambula, supra,* 128 Cal.App.4th at p. 341 ["application . . . under section 473, subdivision (b) . . . is deemed to be made *upon filing in court of a notice of motion and service of the notice of motion on the adverse party*.  [Citation.]  [A]bsent service on the adverse party, there is no '*application*' for relief."]; see also section 1005.5 ["A motion . . . is deemed to have been made and to be pending before the court for all purposes, *upon the due service* and filing of the notice of motion."  (Italics added.)].)

We acknowledge that Spikes did unfortunately pass away the same day that the judgment was entered, and thus, could not be personally served.  Ubence contends that Bentley remained the attorney of record and continued to represent Spikes' estate, at least until April 29, 2022, for the limited purpose of accepting service and responding to post-judgment motions until the date the judgment became final.  Karimi did not file a responsive brief and, therefore, does not dispute this assertion.  Moreover, Karimi did eventually serve the papers on attorney Bentley, and noted that the service was on behalf of "Plaintiff, Karel Spikes."  There is nothing in the record

5

before us to suggest that Karimi made any attempt to do so before May 6, 2022.

Because section 473's six-month limit had passed before the date of service of the motion, both as to the default and as to the judgment for default, we conclude that the trial court abused its discretion in ordering relief from default beyond the six-month statutory limitation. (See *Arambula, supra,* 128 Cal.App.4th at pp. 341–342 [finding a motion pursuant to section 473, subdivision (b) that was not served within six months of entry of judgment was untimely and the trial court had no authority to grant the requested relief]; *Mansor, supra*, 176 Cal.App.3d at p. 42 ["to the extent the trial court's order granted statutory relief based on defendant's showing of mistake, inadvertence, surprise or excusable neglect, the motion was untimely and the court was without jurisdiction to make the order].)

Moreover, as Ubence also points out, Karimi did not include a copy of verified discovery responses along with his motion or serve such response on appellant prior to the motion hearing. Thus, the motion was not in proper form and, even setting aside the service issue, the trial court would have abused its discretion by granting the motion for this additional reason. (See *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 728–729.)[2]

---

[2] Appellant further contends that Karimi is not entitled to relief from default under principals of equity. Karimi has not filed a responding brief and therefore has not requested that we consider such relief, and accordingly, we decline to do so.

## III.  DISPOSITION

The trial court's order setting aside the default judgment is reversed and the matter is remanded to the trial court with directions to enter a new order denying the motion to set aside the default and the default judgment. Appellant Ubence is awarded costs on appeal.

KELETY, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.

7