Filed 12/14/23  Bentley v. Karimi CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| GEOFFREY T. BENTLEY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>AFSHIN KARIMI,<br><br>    Defendant and Respondent. | D081266<br><br><br>(Super. Ct. No. 37-2019-00027530-CU-CR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Reversed and remanded.

Vandeveld Law Offices and Thomas J. Vandeveld III for Geoffrey T. Bentley, Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Geoffrey Bentley appeals from an order of the Superior Court setting aside a default judgment that had been entered in his favor against defendant Afshin Karimi.  Bentley argues that the court was without discretion to grant the motion because it was not timely served.  We agree, and therefore we reverse.

# I. PROCEDURAL HISTORY

Bentley filed a complaint against defendant Karimi and The Dank House on May 28, 2019. Karimi filed an amended answer in February 2020, but apparently did not respond to discovery.

On June 8, 2021, at Bentley's request, the trial court entered a default against Karimi. On October 25, 2021, the trial court entered judgment by default against Karimi and in favor of Bentley in the total amount of $96,125.95.

On November 30, 2021, Karimi filed a motion to set aside the June 8, 2021, default and the default judgment dated October 25, 2021 ("the motion"), as well as a memorandum of points and authorities and his own declaration in support of the motion. The notice indicated the motion would be heard on June 24, 2022. However, Karimi did not serve Bentley or his counsel with the motion and its accompanying pleadings until May 10, 2022. That same day, May 10, 2022, Karimi also filed a supplemental memorandum of points and authorities in support of the motion and a declaration executed by his former lawyer, Scott N. Salmu, admitting fault in failing to respond to the discovery and the motion to compel discovery.

In the motion, Karimi contended that the default and the judgment were "the result of the mistake, inadvertence, and neglect of his attorney, Scott N. Salmu," and in the supporting documents, he explained further that he was often unable to reach Salmu and that he had not seen any of the discovery requests that led to the default judgment. In the corresponding declaration, Salmu asserted that "[t]he default and default judgment were entered through my mistake, and/or inadvertence, and/or neglect in that I failed to timely respond to discovery propounded by Plaintiff, received the filings of Plaintiffs motion to compel discovery responses and failed to file any

response, and/or failed to advise my former Client/Defendant to do so." Based on those assertions, Karimi sought relief from the default and default judgment under Code of Civil Procedure section 473, subdivision (b).[1]

Bentley filed an opposition to the motion, which focused on various discovery violations and alleged false claims. He did not raise any issues regarding the timeliness of the motion.

At the hearing on June 24, 2022, the trial court granted Karimi's motion to set aside the default and the default judgment. The minute order for the hearing does not reflect that the court considered any issues relating to the timeliness of the motion.

Bentley timely appeals.

## II.    DISCUSSION

### A.    *Standard of Review*

A trial court's ruling granting discretionary relief under section 473, subdivision (b) is reviewed for abuse of discretion. (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 24.) However, "[a]ny exercise of discretion must rest on correct legal premises, of course, and in that respect our review is de novo." (*Id.* at p. 25.) It is an abuse of discretion to apply the wrong legal standard. (*Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1089.)

### B.    *Analysis*

Karimi sought relief from the default and default judgment based on an alleged mistake, inadvertence, surprise, or excusable neglect by his counsel, pursuant to section 473, subdivision (b). He did not raise any other grounds for relief in his motion or the supporting documents.

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

3

Section 473, subdivision (b) provides that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. *Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken*." (Italics added.)

As Bentley notes, the six-month time limit for granting relief under section 473, subdivision (b) is jurisdictional, and "the court may not consider a motion for relief made after that period has elapsed." (*Mansor, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42 (*Mansor*); see also *Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 340 (*Arambula*) ["An 'application' for mandatory relief must be made within six months after entry of judgment . . . a court has no authority to grant relief under section 473, subdivision (b), unless an application is made within the six-month period"].) The issue presented in this appeal is whether the motion was "made" within the six-month limit. We conclude that it was not.

Bentley contends that although Karimi filed his motion on November 30, 2021 a little more than a month after the entry of the default judgment, he failed to serve it on Bentley until May 10, 2022, more than six months after the default judgment had been entered. Bentley correctly notes that the delay in service had the effect of delaying the effective date of the motion for relief well beyond the six-month limit in section 473, subdivision (b) because the "application for relief" was not effective until service was perfected. (*Arambula, supra,* 128 Cal.App.4th at p. 341 ["application . . . under section 473, subdivision (b) . . . is deemed to be made *upon filing in court of a notice of motion and service of the notice of motion on the adverse party*. [Citation.]

4

[A]bsent service on the adverse party, there is no '*application*' for relief"]; see also section 1005.5 ["A motion . . . is deemed to have been made and to be pending before the court for all purposes, *upon the due service* and filing of the notice of motion." (Italics added)].)

Because Karimi failed to serve his motion within six months from the date of entry of the judgment for default, we conclude that the trial court abused its discretion in ordering relief from default pursuant to section 473, subdivision (b). (See *Arambula, supra,* 128 Cal.App.4th at pp. 341–342 [finding a motion pursuant to section 473, subdivision (b) that was not served within six months of entry of judgment was untimely and the trial court had no authority to grant the requested relief]; *Mansor, supra*, 176 Cal.App.4th at p. 42 ["to the extent the trial court's order granted statutory relief based on defendant's showing of mistake, inadvertence, surprise or excusable neglect, the motion was untimely and the court was without jurisdiction to make the order."].)

Moreover, as Bentley also points out, Karimi did not include a copy of verified discovery responses along with his motion or serve such response on Bentley prior to the motion hearing. Thus, the motion was not in proper form and, even setting aside the service issue, the trial court would have abused its discretion by granting the motion for this additional reason. (See *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 728–729.)[2]

---

[2] Bentley further contends that Karimi is not entitled to relief from default under principals of equity. Karimi has not filed a responding brief and therefore has not requested that we consider such relief, and accordingly, we decline to do so.

### III. DISPOSITION

The trial court's order setting aside the default judgment is reversed and the matter is remanded to the trial court with directions to enter a new order denying the motion to set aside the default and the default judgment. Appellant is awarded costs on appeal.


KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


IRION, J.