Filed 3/10/26  Kuigoua v. Sacks CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ARNO KUIGOUA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ADAM MICHAEL SACKS et al.,<br><br>    Defendant and Respondent. | B345468<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV19534) |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

Arno Kuigoua, in pro. per., for Plaintiff and Appellant.

Adam Michael Sacks, in pro. per.; and Law Office of Adam Michael Sacks for Defendant and Respondent.

* * * * * *

Arno Kuigoua (appellant) appeals from an order denying his motion to set aside the dismissal of his case against Adam Michael Sacks and the Law Offices of Adam Michael Sacks (respondent).[1]  We affirm the order.

## BACKGROUND

On May 21, 2020, appellant filed an action against respondent alleging (1) professional negligence, (2) breach of fiduciary duty, and (3) promissory fraud.  Respondent is an attorney who represented appellant in a family law matter.  Appellant also approached respondent with a request to represent him in an employment law matter.  Appellant alleged respondent orally promised to provide legal representation in the employment matter in exchange for monetary payment.  The action arose from respondent's alleged failure to appear at an eight-day hearing in the employment matter.

On March 14, 2022, appellant's then-attorney of record, Michael Labrum, filed a "Notice of Settlement and Request for Dismissal" in the professional negligence matter against respondent, which was granted.

---

[1]     Appellant also purports to appeal from the court's denials of his two motions for reconsideration of the court's order denying his motion to set aside the dismissal, which are not appealable orders.  (Code Civ. Proc., § 1008, subd. (g).)  However, because the order that was the subject of the motions for reconsideration is appealable, the denials of the motions for reconsideration are reviewable as part of this appeal.  (*Ibid*.)

All further unattributed statutory references are to the Code of Civil Procedure.

On January 7, 2025, appellant filed a "Notice of Motion and Motion to Set Aside Dismissal Based on Extrinsic Fraud and Lack of Attorney Authority." Appellant claimed he never authorized the settlement or dismissal of the case, which was done without his consent and through the alleged wrongful conduct of his attorney, Labrum, and respondent. Appellant further asserted he was excluded from all settlement negotiations and never received any payment. He sought reinstatement of the case.

Appellant asserted he was first informed of the allegedly unauthorized dismissal of his case against respondent in April 2022, but Labrum informed him the dismissal was irreversible. Because of this alleged misrepresentation, appellant did not file a motion under section 473, subdivision (b) (section 473(b)) within six months of the dismissal. Appellant alleged he reasonably relied on his attorney's misrepresentations and trusted his attorney to provide accurate advice.

Respondent opposed the motion, arguing it was untimely and appellant made no showing of mistake, surprise, inadvertence or excusable neglect in support of the motion. Because appellant had not met the statutory requirements of section 473(b), respondent argued the motion must be denied as legally and factually impossible.

In his opposition, respondent asserted the professional negligence matter was settled and "reduced to a written agreement which was signed by [appellant], [appellant's attorney] and [respondent] on March 2, 2022." The settlement fully resolved the case and all issues related thereto.[2] Appellant's

---

[2] The settlement agreement was referenced as "Exhibit A" to respondent's opposition but was not attached to the opposition.

counsel filed a notice of settlement with the court on March 14, 2022. On the same date, appellant's counsel filed a request for dismissal, which was entered on March 15, 2022. Respondent pointed out appellant's present motion failed to include an affidavit of fault and argued appellant's remedy, if any, was against his former counsel, Labrum. Because nearly three years passed since the matter was settled and dismissed, respondent argued all remedies for appellant against respondent had long lapsed or expired.

Appellant's motion was heard on February 10, 2025. Appellant appeared in propria persona, as did respondent. In a written order filed the same date, the court denied the motion, noting appellant presented no credible evidence the settlement was entered into without his consent. Moreover, the court had no authority to excuse appellant's noncompliance with the inflexible time limit set forth in section 473(b). (Citing *Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 344.) The court found appellant's claims regarding his former attorney did not affect the finality of the judgment.

On February 13, 2025, appellant filed a motion for reconsideration of the court's order denying his motion to set aside the dismissal. Appellant argued that while section 1008, subdivision (a) (section 1008(a)) governs motions for reconsideration generally, it does not limit the court's equitable power to set aside judgments or dismissals obtained by extrinsic fraud. Appellant argued the court should exercise its equitable power to set aside the dismissal due to his former attorney's

---

Instead, a note read, "Redacted due to confidentiality clause will release by court order as necessary."

4

unauthorized settlement and dismissal of the matter. Appellant argued the court's order overlooked the extrinsic fraud argument. Appellant attached a declaration detailing his version of the events leading up to the filing of his motion, as well as a copy of a complaint, filed January 7, 2025, against his former attorney Labrum. Respondent opposed the motion for reconsideration.

On March 7, 2025, the trial court entered an order denying appellant's motion for reconsideration. The court acknowledged it had the power to grant relief on equitable grounds after the six-month period for statutory relief has passed. (Citing *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 47.) However, in order to have a final order set aside on the ground of extrinsic fraud, a party must show that he or she has a meritorious case, a satisfactory excuse for not presenting this defense to the original action and that he or she has exercised diligence in seeking to set aside the order once the fraud had been discovered. (Citing *Hudson v. Foster* (2021) 68 Cal.App.5th 640, 664.)

The trial court found appellant failed to meet the requirements for equitable relief. Appellant focused on extrinsic fraud by Labrum, without discussion of the merits of the legal malpractice case against respondent. In addition, appellant failed to demonstrate diligence in seeking relief. Appellant admitted he learned of the purportedly unauthorized settlement in March or April 2022 and last heard from Labrum that the dismissal was irreversible in March 2023. Appellant made a vague statement that he later learned this was untrue, which was insufficient to warrant equitable relief.

On March 11, 2025, appellant filed a second request for reconsideration of the court's denial of his motion to set aside the dismissal. Appellant asserted he was unfairly deprived of his

opportunity to litigate his meritorious case. Appellant remained vague about his own diligence, stating "it was not until 2024" that he discovered the "full extent" of Labrum's alleged deception. Respondent opposed the motion.

On April 2, 2025, the trial court filed a written order denying appellant's second motion for reconsideration. The court noted appellant presented no authority allowing him to move for reconsideration twice on the same grounds. Moreover, the motion was filed more than 10 days after the challenged order, in violation of the time requirements set forth in section 1008(a). In addition, the court found the motion suffered from the same defects as the previous motion. Appellant failed to demonstrate diligence in seeking relief and offered no new facts or circumstances, only realleging facts the court had previously deemed insufficient. The court found the motion "both procedurally improper and substantively meritless."

On April 2, 2025, appellant filed his notice of appeal from the orders denying his motion to set aside the dismissal and his motions for reconsideration.

## DISCUSSION

### I.  Applicable law and standard of review

The discretionary relief provided in section 473(b) allows a court to "relieve a party . . . from a judgment, dismissal, order or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect." A request for relief under section 473(b) must be made "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." Our review of the trial court's order denying relief under the discretionary portion

6

of section 473(b) is "highly deferential" and will not be disturbed absent a clear showing of abuse of discretion.  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)

"[E]ven where relief is no longer available under statutory provisions, a trial court generally retains the inherent power to vacate a . . . judgment or order on equitable grounds where a party establishes that the judgment or order . . . resulted from extrinsic fraud . . . ."  (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228.)  "In order to set aside a final order based on extrinsic fraud, 'the moving party must demonstrate that he or she has a meritorious case, that [they have] a satisfactory excuse for not presenting a defense to the original action and that [they] exercised diligence in seeking to set aside the default once the fraud had been discovered.'"  (*Hudson v. Foster* (2021) 68 Cal.App.5th 640, 664.)  An order denying equitable relief is also reviewed for abuse of discretion.  (*Id.* at p. 661.)  In reviewing such an order, "'we determine whether the trial court's factual findings are supported by substantial evidence [citation] and independently review its statutory interpretations and legal conclusions [citations].'"  (*Ibid.*)

An order denying a motion for reconsideration under section 1008(a) is generally not appealable.  (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1632–1633.)  "However, if the underlying order that was the subject of reconsideration is appealable, the denial of reconsideration is reviewable as part of an appeal from the underlying order."  (*Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 51.)

## II. The trial court did not abuse its discretion in denying relief

Appellant argues the trial court erred in applying the six-month deadline found in section 473(b) instead of using its inherent equitable power to vacate the dismissal on the ground of extrinsic fraud.

The record shows the trial court considered appellant's claims of extrinsic fraud, despite appellant's failure to meet the statutory deadline set forth in section 473(b).  In addressing the issue of extrinsic fraud, the trial court correctly applied the three-part test requiring the moving party to demonstrate he or she has a meritorious case, a satisfactory excuse for not presenting the defense to the original action, and that he or she exercised diligence in seeking to set aside the default once the fraud had been discovered.  (*Hudson v. Foster, supra*, 68 Cal.App.5th at p. 664.)

The record supports the trial court's determination that appellant failed to meet these requirements.  First, the court noted appellant failed to demonstrate the underlying case against respondent had merit.  Instead, the motion was focused on appellant's claims of extrinsic fraud by Labrum.  Further, the court found appellant failed to demonstrate diligence.  He presented no facts surrounding his discovery of Labrum's alleged fraud.  Instead, he provided only a vague statement that he later learned Labrum's representations that the dismissal was irreversible were untrue.

Appellant's second motion for reconsideration, filed March 11, 2025, was filed more than 10 days after service upon appellant of the court's ruling denying his motion to set aside the dismissal, therefore it was untimely.  (§ 1008(a).)  Further, as the

8

trial court noted, appellant cited no authority allowing him to move for reconsideration twice on the same grounds. As the second motion for reconsideration raised issues identical to those set forth in the first motion for reconsideration and failed to raise new or different material facts, circumstances, or law, it failed to comply with the restrictions of section 1008. (§ 1008, subds. (a), (b).)

Although the trial court had discretion to consider appellant's claims of extrinsic fraud, we note appellant's more extensive allegations in the second motion for reconsideration still failed to meet the requirements to set aside a judgment on the grounds of extrinsic fraud. Appellant repeated the vague representation that at some point after March 12, 2023, he learned Labrum's representations were untrue. Appellant failed to describe the way he learned of Labrum's alleged fraudulent misrepresentations or the precise date he learned of such alleged misrepresentations. The trial court did not err in denying reconsideration where appellant filed an untimely, repetitive motion and continued to provide only vague information concerning his own diligence.

Under the abuse of discretion standard of review, the trial court's ruling will not be disturbed "'"except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice."'" (*People v. Case* (2018) 5 Cal.5th 1, 46.) The record supports the trial court's determination that appellant failed to meet the requirements of a claim of extrinsic fraud, therefore the trial court's ruling will stand.[3]

---

[3] As respondent points out, appellant has cited three apparently nonexistent or miscited cases in his opening brief.

9

## DISPOSITION

The order is affirmed.  Respondent is awarded his costs of appeal.

CHAVEZ, J.

We concur:

LUI, P. J.

RICHARDSON, J.

---

While this court is permitted to impose sanctions for relying on nonexistent legal authority (*Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 436), we decline to do so as appellant's opening brief was otherwise comprehensible. However, we caution appellant that any subsequent cases containing miscites will likely result in sanctions.