Filed 2/24/15  Marriage of Atchison CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MARVIN J. and ANGELA ATCHISON. | D065540 |
| MARVIN J. ATCHISON, Appellant, v. ANGELA ATCHISON, Respondent. | (Super. Ct. No. DN175065) |

APPEAL from an order of the Superior Court of San Diego County, Kelly C. Dowlan, Commissioner.  Affirmed.

Patrick L. McCrary for Appellant.

Dennis Temko and Stephen Temko for Respondent.

INTRODUCTION

Marvin J. Atchison (Marvin) appeals from a family court order filed January 16, 2014, awarding Angela Atchison (Angela)[1] interim child support, interim spousal support, and attorney fees.[2] He contends there was insufficient evidence to support the court's finding his monthly self-employment income was $33,527. He also contends the court ruled on Angela's request for spousal support without providing him with adequate notice. We are not persuaded by either contention and affirm the order.

BACKGROUND

Marvin and Angela were married five and a half years and have three young children. In June 2013 Marvin petitioned for dissolution of the marriage. Along with his dissolution petition, he submitted an income and expense declaration stating he was a surgeon, he was paid $33,000 per month, he had self-employment income of $29,100 the prior month, and he had average monthly self-employment income of $27,725.

In July 2013 Angela filed a request for order (request) awarding her child support according to the statewide uniform child support guideline (Fam. Code, § 4050 et seq.) and an unspecified amount of spousal support. As part of his response to her request, Marvin filed another income and expense declaration. This declaration stated he was

---

[1]  "As is customary in family law proceedings, we refer to the parties by their first names for purposes of clarity and not out of disrespect." (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn. 1.)

[2]  As Marvin has not raised any issues regarding attorney fees in his opening brief, he has forfeited his appeal of those issues. (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1478.)

paid $15,375 a month, he earned a salary or wages of $18,000 the prior month, his average monthly salary or wages was $15,375, he had dividend/interest income of $3,225.41 the prior month, and his average monthly dividend/interest income was $3,225.42.

Following a hearing in August 2013, the court issued an order awarding Angela interim monthly child support of $1,807 and interim monthly spousal support of $4,025, retroactive to August 1, 2013. The order was based in part on findings Marvin had monthly self-employment income of $33,527 and other monthly income of $6,000.

Following a hearing in September 2013, the court issued an order increasing interim monthly child support to $5,219 a month and reducing interim monthly spousal support to $3,000. The order was based in part on findings Marvin had monthly self-employment income of $33,527 and other monthly income of $3,225. The order reserved jurisdiction to adjust spousal support retroactive to August 1, 2013, after the court reviewed Marvin's year-to-date income from all sources. The order directed him to provide year-to-date income information and an updated income and expense declaration to the court and Angela's counsel prior to the next hearing. Following a hearing in October 2013, the court again ordered Marvin to "provide the Court with his current income information on a year to date statement."

In November 2013 Marvin submitted a personal declaration stating he receives income from four sources: a medical group, a surgical center, a consulting business, and as an on-call trauma surgeon. He stated he had only earned $1,000 in 2013 from the consulting business, but had average monthly income from the other sources totaling

3

$31,954.  He submitted a companion income and expense declaration also stating he had self-employment income of $31,954 per month.

Following a hearing the same month, the court issued an order stating in part:

"1.    The Court previously ordered that [Marvin] was to provide the Court prior to each of the last two hearings an updated Income and Expense Declaration with documentation attached, verifying all year to date income from all sources including but not limited to:  [¶] (a) A copy of all pay stubs year to date including all checks received for services rendered; (b) Documentation showing all money received from his Medical Practice year to date; [and] (c) Documentation of all dividends received by [him] during 2013, year to date.

"2.    [Marvin] did not provide an updated [income and expense declaration] with all of the attachments documenting his entire year to date income from all sources, for this hearing.

"3.    The Court orders that [Marvin] must provide all of the previously ordered year to date income information from all sources attached to an updated [income and expense declaration] filed with the Court and served on [Angela's counsel] by no later than December 4, 2013.

"4.    The Court continues to reserve on the issues of Modification of Interim Child Support and Interim Spousal Support based on the actual year to date income of [Marvin]."

In December 2013 Marvin submitted a notice of lodgment with 10 exhibits.  The exhibits included:  an itemization of compensation checks he received from July 1, 2012 to June 15, 2013; deposit details for one bank account; statements from three other bank

4

accounts; federal income tax returns for 2010 through 2012; and state income tax returns for 2011 and 2012.[3]

Following a hearing the same month, the court issued an order increasing interim monthly child support to $5,380 and interim monthly spousal support to $4,000, retroactive to November 1, 2013. The court based its order in part on findings Marvin had monthly self-employment income of $33,527 and other monthly income of $3,225. The court explained, "The Court had requested [Marvin] to provide his year-to-date income. [He] failed to provide this for the Court[.] Therefore, the Court could only use the prior income of $33,527.00 that [he] previously testified and submitted to the Court in August as his current income."

DISCUSSION

I

*Marvin's Monthly Income*

Marvin contends there was insufficient evidence to support the court's finding his monthly self-employment income was $33,527. Rather, he contends the evidence showed his monthly income was $31,954.

We review support orders for abuse of discretion. (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 398; *In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 730.) "In so doing, we determine ' "whether the court's factual determinations are supported by

_____

3    It is not clear from the record whether the court admitted these documents into evidence. The record shows the court received the notice of lodgment; however, the record does not show the court filed the notice of lodgment.

substantial evidence and whether the court acted reasonably in exercising its discretion." [Citation.] We do not substitute our own judgment for that of the trial court, but determine only if any judge reasonably could have made such an order.' " (*In re Marriage of Alter*, *supra*, at pp. 730-731. )

In this case, Marvin is precluded from challenging the sufficiency of the evidence underlying the court's finding because he has not provided a record of the oral proceedings where the court made the finding. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; see *Krueger v. Bank of Am.* (1983) 145 Cal. App.3d 204, 207 [An appeal without a record of the oral proceedings "is considered to be upon the judgment roll alone. [Citations.] . . . The trial court's findings of fact and conclusions of law therefore are presumed to be supported by substantial evidence and are binding upon us, unless the judgment is not supported by the findings or reversible error appears on the face of the record."].)

Moreover, the disputed order states the court based its finding on Marvin's sworn testimony at an earlier hearing because he repeatedly failed to provide his year-to-date financial information to the court and Angela's counsel. Although Marvin contends he provided the requested information, the record belies this contention and instead shows he provided conflicting, incomplete, and dated information about his income. Marvin, therefore, has not shown the court exercised its discretion unreasonably.

Finally, even assuming the court erred by basing its determination on Marvin's prior sworn testimony rather than the documents he provided, he has not established the error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13 ["No judgment shall

be set aside . . . in any cause, on the ground of . . . the improper admission or rejection of evidence . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."]; Code Civ. Proc., § 475; *In re Marriage of Khera & Sameer*, *supra*, 206 Cal.App.4th at p. 1484.)  As Angela points out in her brief, the documents supplied by Marvin showed his average monthly income actually exceeded $33,527.  Thus, Marvin has not established it is reasonably probable the court would have ordered him to pay less interim child or spousal support absent the claimed error.

II

*Notice of Amount of Spousal Support Request*

Marvin contends the order awarding Angela interim spousal support is void because she failed to specify the amount of spousal support she was seeking in her request, depriving him of adequate notice.  Angela contends Marvin failed to establish he preserved this issue for appeal.  She further contends he waived this issue by litigating the matter on the merits.  We agree with both of Angela's contentions.

Nothing in the record shows Marvin ever objected to the absence of notice of the amount of spousal support Angela sought.  " 'Typically, constitutional issues not raised in earlier civil proceedings are waived on appeal.' "  (*Fourth La Costa Condominium Owners Assn. v. Seith* (2008) 159 Cal.App.4th 563, 585.)

Further, the record shows Marvin opposed Angela's request for interim spousal support on the merits and participated in multiple hearings on the matter.  " 'It is well settled that the appearance of a party at the hearing of a motion and his or her opposition

7

to the motion on its merits is a waiver of any defects or irregularities in the notice of motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal . . . that he had no notice of the motion or that the notice was insufficient or defective.' " (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697; *Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 342-343.)

DISPOSITION

The order after hearing filed January 16, 2014, is affirmed. Respondent is awarded costs on appeal.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

AARON, J.

8