Filed 10/14/21  Calderon v. Koutsoukos CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| LUIS CALDERON, | B304126 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC671615) |
| v. | |
| MICHAEL KOUTSOUKOS et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

Calhoun & Associates, Eric G. Calhoun, Arthur Connors, for Plaintiff and Respondent.

JMK Law Group and John Koutsoukos, for Defendants and Appellants.

_____

# INTRODUCTION

Defendant Michael Koutsoukos appeals an order denying a motion to vacate a default and default judgment under Code of Civil Procedure section 473, subdivision (b) (section 473(b)).[1] He and codefendant Eleni Koutsoukos (his wife) filed the motion over 20 months after entry of default and seven months after notice of an order amending the default judgment nunc pro tunc.[2]

We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Parties and the Complaint*

Luis Calderon is a functionally blind individual who wanted to patronize a Starbucks store. The Starbucks is on property owned by Michael and Eleni. The Koutsoukoses are Starbucks's landlords, and their lease contains an indemnification agreement.

Calderon sued the Koutsoukoses for alleged violations of the Unruh Act and the California Disabled Persons Act because the "accessible route on the [p]roperty leading to and from [Starbucks] did not have detectable warnings" as required by California law. Without detectable warnings, there was an "'unnecessary risk to [him] of potentially sever[e] injuries.'"

On August 10, 2017, Calderon served the complaint and summons on the Koutsoukoses. Eleni notified Starbucks of the lawsuit "[s]hortly thereafter" and, following Starbucks's instructions, sent it a copy of the complaint and summons.

---

[1]     Only Michael Koutsoukos filed a notice of appeal.

[2]     We refer to individuals by their first names for clarity when necessary.

2

B.    *The Default Judgment*

In October 2017, Calderon filed and served the Koutsoukoses with a request for entry of default, which the court granted.

In January 2018, after Calderon filed a request for judgment, the court entered a default judgment against the Koutsoukoses for $12,818.09.  The Koutsoukoses were not served with the request or judgment.

In August 2018, Calderon filed and served the Koutsoukoses with a motion to amend the judgment to correct a clerical error—specifically, the spelling of the Koutsoukoses' last name in the January 2018 default judgment.  The court granted the motion in September 2018, but the order was not served on the Koutsoukoses.

In November 2018, the court filed an amended judgment, which was not served on the Koutsoukoses.

In December 2018, the court filed an amended default judgment, which was not served on the Koutsoukoses.  But on the same day, the court issued an order amending the judgment nunc pro tunc and served it on the Koutsoukoses.

On July 1, 2019, the Koutsoukoses received Calderon's motion for an "Order Restraining Judgment Debtors."

C.    *The Koutsoukoses' Motion To Vacate*

On July 18, 2019, the Koutsoukoses filed a motion to vacate the default and default judgment.  They argued they were not served with the request for entry of default or any form of notice of the default or default judgment.[3]  They also argued their failure to

---

[3]    The appellate record contains proofs of service for the request for entry of default and the motion to amend the judgment to correct a clerical error.  The trial court also found the

3

timely answer the complaint was due to their belief Starbucks was defending them under the indemnification clause in their lease. They requested the court vacate the default and default judgment under section 473(b) based on excusable neglect.

After a hearing on August 13, 2019, the court denied the motion. The court found that even though the Koutsoukoses were not properly served with all the documents relating to the default judgment, they were served with three: (1) the request for entry of default, (2) the motion to amend the judgment to correct a clerical error, and (3) the order amending the judgment nunc pro tunc. Consequently, the court found the Koutsoukoses "failed to timely bring th[e] motion to vacate, as it was brought more than six months after the entry of default, nor was it even brought within six months of the Order Amending Judgment Nunc pro Tunc."[4]

## DISCUSSION

Michael argues the order denying the Koutsoukoses' motion to vacate the default and default judgment should be reversed because they are entitled to relief under section 473(b) and under the court's inherent power to grant equitable relief.

We disagree.

---

Koutsoukoses were served with the order amending the judgment nunc pro tunc.

On appeal, Michael no longer denies the Koutsoukoses were served with these documents.

[4] The trial court's minute order contains the ruling and findings. The appellate record does not include a reporter's transcript.

4

A.  *The Trial Court Properly Denied the Koutsoukoses' Motion To Vacate Under Section 473(b)*

1.  *Section 473(b) and standard of review*

Section 473(b) authorizes a trial court to grant relief to a party from a default or default judgment under certain circumstances:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

A trial court has jurisdiction to grant relief under section 473(b) only if a motion for relief is filed within six months of entry of default:  "Application for this relief . . . shall be made within a reasonable time, *in no case exceeding six months*, after the judgment, dismissal, order, or proceeding was taken."  (§ 473(b), italics added.)  "Th[e] six-month time limitation is jurisdictional; the court has no power to grant relief under section 473[(b)] once the time has lapsed."  (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928.)  And the six-month period runs from the date of entry of default, not the default judgment. (See, e.g., *Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 273; *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.)

The purpose of the six-month jurisdictional limit is to promote "finality of judgments" and to ensure motions for relief are filed when "memories are fresh."  (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 345.)

A moving party bears the burden of establishing that he or she is entitled to relief under section 473(b) by a preponderance of the evidence.  (*Luz v. Lopes* (1960) 55 Cal.2d 54, 62.)

We review an order granting or denying relief under section 473(b) for abuse of discretion.  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)  "The court's factual findings, however, are subject to the substantial evidence standard of review."  (*Land Partners, LLC v. County of Orange* (2018) 19 Cal.App.5th 741, 745.)

>    2.    *The motion was untimely under section 473(b)*

The trial court found the Koutsoukoses' motion was untimely because the motion "was brought more than six months after the entry of default" and more than six months after even the order amending the judgment nunc pro tunc.

Undisputed facts support the trial court's findings.  The Koutsoukoses filed their motion over 20 months after entry of default and over seven months after the order amending the judgment nunc pro tunc.  Default was entered in October 2017, and they were served with the request beforehand.  The order amending the judgment nunc pro tunc was filed and served in December 2018.  But they did not file their motion until July 2019.

Moreover, Calderon filed and served his motion to amend the judgment to correct a clerical error in August 2018—over 10 months before the Koutsoukoses filed their motion to vacate.  Even if the six-month time limit ran from when they were on notice that a default judgment had been entered, their motion would have been over four months late.

Michael concedes section 473(b) has a six-month time limit and does not deny the Koutsoukoses' motion was brought after six months.  Michael's claim that the court still erred in applying this jurisdictional rule is mistakenly based on *Weitz v. Yankosky* (1966) 63 Cal.2d 849 (*Weitz*).  In that case, the trial court set aside a judgment over a year and a half after entry of default under the

court's inherent equity power, not under section 473(b).  (*Id.* at p. 855 ["As defendant's motion was made more than six months after the default was entered, it was not directed to the court's statutory power to grant relief for mistake or excusable neglect under Code of Civil Procedure section 473" but instead "was directed to the court's inherent equity power."].)

B.     *The Trial Court Did Not Err by Not Using Its Inherent Equity Power To Set Aside the Default and Default Judgment*

1.     *Relevant law and standard of review*

Even if a motion to vacate is filed after section 473(b)'s six-month deadline, a trial court still has the "inherent equity power under which, apart from its statutory authority, the court has the power to grant relief from a default judgment where there has been 'extrinsic' fraud or mistake."  (*Weitz, supra,* 63 Cal.2d at p. 855.)

Extrinsic mistake is "a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits."  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 (*Rappleyea*).)  It exists when "'the ground of relief . . . is the excusable neglect of the defaulting party to appear and present his claim or defense.  If that neglect results in an unjust judgment, without a fair adversary hearing, the basis for equitable relief on the ground of extrinsic mistake is present.  [Citation.]  Relief will be denied, however, if the complaining party's negligence permitted the fraud to be practiced or the mistake to occur.'"  (*Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 30 (*Kramer*).)

"The court's ability to grant relief under its inherent power is narrower than its ability to grant relief under section 473[(b)]."

7

(*Kramer*, *supra*, 56 Cal.App.5th at p. 29; see *Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 901, fn. 8.)  While there is a "'strong public policy in favor of granting relief [under section 473(b)] and allowing the requesting party his or her day in court,'" after the statute's six-month deadline, there is "'a strong public policy in favor of the finality of judgments and only in exceptional circumstances should relief be granted.'" (*Rappleyea*, *supra*, 8 Cal.4th at pp. 981-982.)

A moving party bears the burden of proving he is entitled to equitable relief.  (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752 (*Rodriguez*).)  "'To set aside a judgment based upon extrinsic mistake one must satisfy three elements.  First, the defaulted party must demonstrate that it has a meritorious case.  Second[ ], the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action.  Last[ ], the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered.'" (*Rappleyea*, *supra*, 8 Cal.4th at p. 982.)

We review a denial of a motion to vacate on equitable grounds for abuse of discretion.  (*Rappleyea*, *supra*, 8 Cal.4th at pp. 981-982.)  "We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)  "If the court could properly refuse to invoke [its inherent equity power] to vacate the order, its ruling and the ensuing judgment must be sustained." (*Rappleyea*, at p. 981.)

2.      *Michael forfeited any argument for equitable relief*

An appellant forfeits an argument for appeal by failing to raise the argument in the trial court. (*People v. Financial Casualty & Surety, Inc.* (2021) 64 Cal.App.5th 405, 416 (*Financial*

8

*Casualty & Surety*).)  The failure deprives the trial court and the respondent "of notice of any need to develop the record with evidence bearing on" the issue.  (*Ibid.*)

Neither the Koutsoukoses' motion to vacate nor the court's order denying the motion discusses the court's inherent equity power.

Contrary to Michael's assertion, the trial court found the Koutsoukoses did not ask to set aside the default or default judgment using the court's inherent equity power at the motion hearing.  Michael proposed a settled statement.  According to the proposed statement, the Koutsoukoses purportedly asked the court to use its inherent equity power during the motion hearing: "Defendants' [sic] argued that under CCP 473 the court had broad inherent equity powers and it was within these powers that the court had the authority to set aside the default and default judgment even though the motion was brought more than six months after the default."  But the court rejected Michael's statement, disagreeing with his characterization of the oral proceedings:  "The Court based its ruling *entirely on the arguments raised in the pleadings* and adopted its previously-posted tentative decision at the conclusion of the hearing.  [¶]  The Court has no recollection nor notes that Appellant made any arguments at the hearing that were not contained in their moving papers."

3.      *The Koutsoukoses failed to show they were entitled to equitable relief*

Even if Michael had not forfeited the argument (cf. *Weitz*, *supra*, 63 Cal.2d at p. 855), the Koutsoukoses did not demonstrate two of the three elements required for relief:  a meritorious case and diligence.

9

### a. Meritorious case

For relief from an extrinsic mistake, "the defaulted party must demonstrate that it has a meritorious case." (*Rappleyea*, *supra*, 8 Cal.4th at p. 982.) That is, the defaulted party "must plead and prove facts from which it appears, at least prima facie, that if the judgment were set aside and the proceedings were reopened, a different result would probably follow." (*Bennett v. Hibernia Bank* (1956) 47 Cal.2d 540, 554.)

The Koutsoukoses failed to establish a prima facie defense to Calderon's complaint. The Koutsoukoses' boilerplate affirmative defenses in their unverified proposed answer are insufficient. (*Rodriguez*, *supra*, 236 Cal.App.4th at p. 751 [explaining movant failed to establish a meritorious defense, even though he "attached a proposed answer to his motion reciting a kitchen sink full of affirmative defenses," because the movant "did not attempt to demonstrate any of these defenses had merit by, for example, explaining the underlying facts and applying the law to them"].) At most, they allege a third party is ultimately responsible for Calderon's claims. That allegation is not a defense since the Koutsoukoses admit to owning the property Calderon is complaining about. Rather, that allegation is an argument for indemnification from Starbucks if the Koutsoukoses are found liable to Calderon.

### b. Diligence

For relief from an extrinsic mistake, "the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered." (*Rappleyea*, *supra*, 8 Cal.4th at p. 982.) In making this determination, a court relies on two factors: (1) the prejudice caused by the moving party's failure to answer on time, and (2) "whether defendant in the light of the circumstances known to him

10

acted unreasonably in not filing the motion to set aside the default judgment earlier." (*Weitz*, *supra*, 63 Cal.2d at pp. 856-857.) Of the three elements required for equitable relief, "diligence is the most inextricably intertwined with prejudice." (*Rappleyea*, at pp. 983-984.) Prejudice to the nonmoving party is more significant if a judgment was entered before the moving party seeks relief. (*Id.* at p. 984.)

The Koutsoukoses failed to establish diligence. First, if the motion had been granted, Calderon would have suffered prejudice because of the Koutsoukoses' failure to timely answer Calderon's complaint. Calderon would have had the burden of proving facts over two years after they occurred with the possibility of lost evidence and faded memories caused by the delay. (See *McCreadie v. Arques* (1967) 248 Cal.App.2d 39, 47-48 [finding prejudice where setting aside judgment meant "'plaintiff would be forced to carry the burden of proof as to matters four to five years old, all through no fault of her own'"].) Calderon filed his complaint on August 10, 2017, but the court did not decide the Koutsoukoses' motion until August 13, 2019.[5]

Second, the Koutsoukoses acted unreasonably by not filing their motion to vacate earlier, given how long they knew about the judgment. They waited to file their motion over 10 months after they learned of the judgment and seven months after being reminded of it. They received a motion to amend the judgment to correct a clerical error in August 2018 and an order amending the judgment nunc pro tunc in December 2018. But they did not file their motion to vacate until July 2019.

---

[5]     We do not note the exact date(s) alleged in Calderon's claims because his complaint was not included in the appellate record.

11

Michael contends the Koutsoukoses acted with excusable neglect because they reasonably believed Starbucks was defending them.  But even if their initial belief was reasonable, their belief became unreasonable "in light of contrary information showing [Starbucks was] providing no defense."  (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 507 [reversing order to vacate where defendant tried to rely on insurance company for defense, but defendant received notice of default in February, default judgment was entered in May, and defendant did not make an appearance until November].)

It was unreasonable for the Koutsoukoses to believe Starbucks was defending them once they were served with Calderon's request for entry of default in October 2017.  (See *Davis v. Thayer* (1980) 113 Cal.App.3d 892, 911 [denying equitable relief where parties were "negligent in failing to take any meaningful action to protect themselves after being served with summons and complaint and notice requesting entry of their defaults"]; see also *Kramer*, *supra*, 56 Cal.App.5th at p. 38 ["If a defendant believes it is in default, failing to act is unreasonable.  At that point, the defendant indisputably has notice of the action and the risk of a default judgment.  Any decision it makes to further ignore the action is made on its own accord, not for extrinsic reasons.  By choosing to ignore the risk of default, the defendant becomes responsible for the consequences."].)  But they still waited over 20 more months to file their motion.

Michael's reliance on *Weitz* is again misplaced.  In that case, the California Supreme Court held that the trial court did not abuse its discretion by setting aside the judgment.  (*Weitz*, *supra*, 63 Cal.2d at p. 856.)  Given the deferential standard of review, that holding does not mean that if the trial court in *Weitz* had denied the motion to set aside the judgment, the court would have

12

abused its discretion. Also, in *Weitz*, the defendant was never served and never received notice of entry of default or the default judgment. (*Id.* at p. 852.) Here, the Koutsoukoses were served with a request for entry of default, a motion to amend the judgment to correct a clerical error and an order amending the judgment nunc pro tunc. Finally, in *Weitz,* the defendant acted quickly when he learned of the default judgment. Within two weeks, he contacted his insurance company to resolve the matter and obtain representation. (*Id.* at pp. 852-854.) By contrast, there is no evidence in the appellate record to show the Koutsoukoses contacted Starbucks after they learned of the request for entry of default or even the default judgment. Nor is there any evidence of steps the Koutsoukoses took to resolve the matter or obtain representation in the 20 months between entry of default and their motion. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935 ["Failure to provide an adequate record on an issue requires that the issue be resolved against appellant."].)

Michael argues that he and Eleni are elderly and did not have counsel before filing their motion to vacate. This argument was forfeited because it was not raised in the trial court. (*Financial Casualty & Surety*, *supra*, 64 Cal.App.5th at p. 416.) Even if the argument had been properly raised, it does not explain why they did not retain counsel and file a motion sooner. They are commercial landlords who lease property to a large corporation with a contract that includes an indemnification agreement. These facts suggest they either had an attorney or could reasonably be expected to find one.

13

## DISPOSITION

The order denying the Koutsoukoses' motion to vacate the default and default judgment is affirmed. Calderon is entitled to costs on appeal.


IBARRA, J.[*]


We concur:


PERLUSS, P. J.


SEGAL, J.

---

[*]    Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.