Filed 7/18/22  Ali v. Cisco Systems CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant and Respondent. | H049390<br>(Santa Clara County<br>Super. Ct. No. 18CV328966) |

In March 2020, appellant Syed Nazim Ali voluntarily abandoned his appeal from a judgment dismissing with prejudice his complaint against respondent Cisco Systems, Inc. (Cisco).  The trial court treated his later request to reinstate the appeal as an application pursuant to Code of Civil Procedure section 473, subdivision (b).  Finding the application untimely under the statute, the trial court denied the motion.

In this appeal, Ali contends the trial court erred in the denying motion to reinstate the appeal, as he had good cause to seek relief, and emergency rules issued in response to the Covid-19 pandemic tolled or extended the deadline to file the application.  We affirm the order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In February 2020, the trial court sustained Cisco's demurrer to Ali's first amended complaint without leave to amend.[1]  Ali, who represented himself in the relevant trial

---

[1] Ali did not designate the first amended complaint as part of the record in this appeal.  Pleadings in the record indicate Ali based his complaint on Cisco's allegedly discriminatory employment practices, including claims for intentional infliction of

court proceedings, as he does in this appeal, filed a notice of appeal (appeal No. H047859) before the court entered judgment following the order sustaining the demurrer. In March 2020, after the trial court entered the judgment, Ali contacted Cisco's counsel, indicating his intent to withdraw the appeal, and asking Cisco's attorney to send a stipulation for him to sign to dismiss the appeal. Cisco's attorney prepared an abandonment of appeal number H047859, which Ali signed and filed with the trial court. Ali also signed a stipulation dismissing the trial court action with prejudice. Although the parties submitted the stipulation to the court seeking an order pursuant to the stipulation, there is nothing in the record indicating that the court granted the requested order of dismissal.

In August 2020, Ali filed a document in the trial court entitled, "Notice of Revoking Stipulated Abandonment of Appeal Rights and Declaration of Syed Nazim Ali in Supporting Revoking Stipulated Abandonment of Appeal and Request the Court to Continue the Matter in Court of Appeal for Seeking Fair-Justice." Ali indicated that he abandoned the appeal without seeking legal counsel, and without considering certain facts, "such as Covid-19 Pandemic crisis and financial hardship." He described the decision as "emotional, without thoughtful consideration and without seeking legal advice from an attorney." He subsequently discussed the matter with an attorney and determined that his decision to abandon the appeal was in error. Ali stated that he revoked his stipulation to abandon the appeal, citing to an exhibit that is not included in the record on appeal. As the court had not yet ruled on the proposed order dismissing the action pursuant to the parties' stipulation, Ali asked the court to deny the proposed order

---

emotional distress, race discrimination, and retaliation under the California Fair Employment and Housing Act. Cisco demurred to the first amended complaint on the grounds that the claims were time-barred and Ali had not exhausted his administrative remedies.

2

and allow the appeal to proceed. The notice did not include a hearing date, or any space for the court clerk to designate such a date.

Cisco objected to Ali's notice revoking the abandonment of the appeal on the grounds that it "[did] not comply with applicable procedural requirements, including but not limited to those set forth in California Code of Civil Procedure § 473. . . ."[2] To the extent the trial court intended to act on the notice, Cisco asked the court to require that Ali follow "applicable procedural requirements," and requested the opportunity to be heard on the merits of any motion to vacate Ali's abandonment of the appeal.

In reply to Cisco's objection, Ali filed a "response memo," in which he cited legal authority in support of his right to withdraw his stipulation and have the appeal reinstated; he attached a letter from a doctor as an exhibit to the memo.[3] Ali argued that "case law" supported his right to withdraw the stipulation and have the appeal reinstated, contending that Cisco's argument concerning Ali's failure to comply with section 473 was "invalid." He alleged that he was suffering from "depression, anxiety, economic impact, and COVID-19 lockdown," and was "under the care of various medical providers," all of which impacted "his mental ability which includes the appeal process." After speaking with an attorney, he determined his legal rights, and argued that, as a "layperson of the law, [he] should not be penalized for being ignorant of appellate procedures. (*People v. Davis* (1965) 62 Cal.2d 806 [(*Davis*)].)" Given that the trial court had not yet issued an order based on Ali's stipulation to dismiss the action, Ali indicated he did not file a motion to vacate or set aside. Based on the policy in favor of hearing

---

[2] Further undesignated statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] Neither party designated the response or exhibit as part of the record on appeal. Ali attached the response and exhibit to his opening and reply briefs. Cisco referenced the response in its respondent's brief. We will deem Ali's attachment of the response and exhibit as a request to take judicial notice of these documents, and as such the request is granted.

3

cases on the merits, Ali contended that the interests of justice would be served by allowing him to withdraw the stipulation. Ali attached a letter from a treating psychiatrist which indicated that, in the doctor's opinion, Ali "suffered from anxiety, depression and uncontrolled hypertension," and recommended that Ali's son participate in "online distant learning in order to prevent Mr. Ali being exposed to COVID." The letter does not address the impact of Ali's conditions on his ability to participate in the litigation.

Nothing in the record on appeal indicates that the trial court took any action on Ali's notice revoking his abandonment of the appeal. Nor is there anything in the record indicating Ali followed up with the trial court once he filed the notice revoking the stipulation.

In March 2021, Ali filed a motion in this court in appeal number H047859, seeking to reinstate the appeal, which Cisco opposed on the grounds this court no longer had jurisdiction to hear the motion. This court denied the motion.

Ali thereafter filed a motion in the trial court, seeking to "reinstate the appeal rights on good causes." Although the notice of motion is part of the record on appeal, the memorandum of points and authorities, declaration of Ali, and exhibits referenced in that notice are not. There is nothing in the record, or in the docket in this appeal, indicating that Ali notified the trial court of any omissions in the record, or otherwise sought to include any additional documents in the record. The notice of motion did not provide any indication of the "good causes" existing to support reinstatement of the appeal, nor did it reference any legal authority for Ali's request.

Cisco opposed the motion to reinstate the appeal, arguing that the motion was not timely under section 473, subdivision (b), as it was not brought within six months from when Ali filed the notice abandoning the appeal. Alternatively, Cisco contended Ali failed to show good cause to reinstate the appeal. According to the register of actions, Ali filed a reply to Cisco's opposition prior to the hearing on his motion. That reply is

4

not included in the record on appeal.[4]  Nothing in the record or this court's docket indicates Ali attempted to correct the record prior to filing his briefs.

At a hearing in August 2021, the trial court denied the motion to reinstate the appeal as untimely under section 473, subdivision (b).  Ali timely appealed from the minute order, which is appealable as the trial court did not direct the preparation of a subsequent written order.  (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 167.)

## II. DISCUSSION

The trial court treated Ali's request to reinstate the appeal as one to relieve him from "from a judgment, dismissal, order, or other proceeding taken against him. . .through his. . .mistake, inadvertence, surprise, or excusable neglect," under section 473, subdivision (b).  An application for relief under section 473, subdivision (b) "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."  "This six-month time limitation is jurisdictional; the court has no power to grant relief under section 473 once the time has lapsed.  [Citations.]"  (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928 (*Austin*); *Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 345 (*Arambula*).)

In his opening brief setting forth his claims on appeal, Ali does not allege that the trial court erred in considering his request as one for relief under section 473, subdivision (b).  Rather, he contends the trial court should have extended the statute of limitations to allow him to file a motion under that statute due to the Covid-19 pandemic and rules adopted because of the pandemic.  He further argues that he demonstrated good cause to reinstate the appeal.

---

[4] The register of actions indicates Ali filed the reply on August 23, 2021.  Ali's notice designating the record on appeal included "Opposition/ Objection Filed" on "8/25/2021."  The register of actions does not reflect such a document filed on August 25, 2021.

5

## A. *Standard and Scope of Review*

We generally review a trial court order denying a request under section 473, subdivision (b) for abuse of discretion. (*Austin*, *supra*, 244 Cal.App.4th at p. 929.) However, where an issue requires the application of law to undisputed facts, we review the matter de novo. (See *Boling v. Public Employment Relations Board* (2018) 5 Cal.5th 898, 912.) The parties do not dispute the relevant dates at issue in determining whether Ali timely filed his motion. There is no question he filed the motion more than six months after he abandoned appeal number H047859 on March 27, 2020; on the face of section 473, subdivision (b), the motion was due no later than September 27, 2020. Rather, the issue is whether rules adopted as a result of the Covid-19 pandemic required the trial court to extend the deadline in which Ali could file a motion under section 473, subdivision (b) based on the undisputed facts. The order before us is thus subject to de novo review.

However, we first consider whether Ali waived this challenge by failing to assert in the trial court that the emergency rules extended the jurisdictional deadline. As Ali did not ensure that any memorandum of points and authorities he filed with the motion in the trial court was included as part of the record, and did not designate a reporter's transcript or settled statement from the hearing on the motion as part of the record on appeal, we cannot determine whether Ali argued in the trial court that legal authority existed to extend the filing deadline established in section 473, subdivision (b) due to the Covid-19 pandemic. Based on Ali's failure to ensure that we have a sufficient record, we could deem the issue waived. (See *McLaughlin v. Walnut Properties, Inc.* (2004) 119 Cal.App.4th 293, 299, fn. 4 (*McLaughlin*).)

Because the issue of whether Ali timely filed his motion is a purely legal one, determinable from uncontroverted facts that cannot be altered by the presentation of additional evidence, we have discretion to consider the matter for the first time on appeal, even if Ali did not raise the issue in the trial court. (*Ward v. Taggart* (1959) 51 Cal.2d

6

736, 742; *In re Marriage of Priem* (2013) 214 Cal.App.4th 505, 510–511.) We can also disregard Ali's omission of the additional pleadings and record from the hearing. (*McLaughlin*, *supra*, 119 Cal.App.4th at p. 299, fn. 4.) We note that Cisco addressed Ali's contentions regarding the timeliness of his motion in its respondent's brief, without alleging that Ali forfeited the issue by not raising it in the trial court. Thus, we will exercise our discretion to consider the application of Covid-19-related rules to the undisputed facts in this case.[5]

### B. *Emergency Rule 9 did not Extend or Toll Deadline*

Ali argues that "Rule 9" extended or tolled the time in which he had to file the motion under section 473, subdivision (b). "Emergency Rule 9 was adopted by the Judicial Council on April 6, 2020, following Governor Newsom's March 27, 2020 order giving the Judicial Council the authority to take the necessary action to respond to the COVID-19 pandemic. Emergency Rule 9 ('Tolling statutes of limitations for civil causes of actions') . . . states: [¶] '(a) Tolling statutes of limitations over 180 days[.] Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020. [¶] (b) Tolling statutes of limitations of 180 days or less[.] Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less

---

[5] As a party representing himself, Ali " 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' [Citations.] Accordingly, we may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. [Fn. omitted.] We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation]. . . . [W]e will bear in mind that an ' "order of the lower court is presumed correct." ' [Citation.] Therefore, [the appellant] has the burden of affirmatively showing any error. [Citation.]" (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*).) We understand the difficulties encountered by self-represented appellants, and have exercised our discretion to liberally construe Ali's pleadings. (See Cal. Judges. Assn., Jud. Ethics Com., Opn. No. 76 (2018) at p. 1, <https://www.caljudges.org/docs/Ethics%20Opinions/Op%2076%20Final.pdf> [as of July 18, 2022], archived at: < https://perma.cc/TE9S-9UDK >.)

are tolled from April 6, 2020, until August 3, 2020.' ([Cal. Rules of Court, appen. I, Emergency Rule 9 (Emergency Rule 9)] amended eff. May 29, 2020; adopted eff. Apr. 6, 2020[6].) [¶] The language is clear and unambiguous; Emergency Rule 9 tolls 'statutes of limitations and repose for civil causes of action.' Statutes of limitations and statutes of repose are specific statutes that serve to bar the initiation of legal proceedings after the expiration of a defined timeline.[7]" (*People v. Philadelphia Reinsurance Corp.* (2021) 70 Cal.App.5th Supp. 10, 15-16 (*Philadelphia Reinsurance*).)

In *Philadelphia Reinsurance*, the appellate court found that Emergency Rule 9 did not toll the statutory timelines set forth in the Penal Code sections governing the forfeiture and exoneration of bail bonds. (*Philadelphia Reinsurance*, *supra*, 70 Cal.App.5th Supp. at p. 16.) The court further confirmed that Emergency Rule 9 did not extend the timelines for motions in pending actions, citing both the Advisory Committee comment to the rule and the Judicial Council's circulating order memorandum. (*Id*. at p. 18.) Although the Advisory Committee indicates Emergency Rule 9 should be applied "broadly," the appellate court found that the rule contained an express limitation, such that it only tolled " '*statute[s] of limitations* on the filing of a pleading in court *asserting a civil cause of action*.' (Italics added.)" (*Id*. at p. 18.)

The court found support for its conclusion in the Judicial Council's circulating order memorandum. "The Judicial Council explained that Emergency Rule 9 tolls the time period to commence or initiate a civil cause of action. (See circulating order memorandum, p. 1 ['tolled statutes of limitations on the *commencement* of civil causes of

---

[6] The Judicial Council further modified Appendix I effective November 13, 2020, to December 31, 2021, but did not make any changes to the provisions of Emergency Rule 9 in doing so.

[7] "A statute of limitations sets the time within which proceedings must be commenced after a cause of action accrues and is generally calculated from the date of injury or damages, or their discovery. A statute of repose limits the time within which a proceeding may be brought regardless of injury or damages, and it is generally calculated from a specific event (e.g., construction or manufacture). [Citation.]"

action' (italics added)], p. 5 ['For example, the time for filing certain *initial* pleadings' (italics added)], p. 6 ['filing in court of a pleading *commencing* a civil cause of action'] and ['filing initial pleadings in the trial court' (italics added)], p. 9 ['toll any statutory limitation on the filing in a court of a pleading *commencing* a civil cause of action' (italics added)].) Emergency Rule 9, the Advisory Committee comment thereto and the circulating order memorandum make no mention of any *response* in a pending action or proceeding, or any procedural timelines other than 'statutes of limitations or repose' for the assertion, commencement or initiation of an action." (*Philadelphia Reinsurance*, at pp. 18-19.)

Consistent with the court in *Philadelphia Reinsurance*, we do not read Emergency Rule 9 as tolling the six-month deadline to file a motion under section 473, subdivision (b). A motion for relief from an order under that statute does not commence a civil cause of action and is not an initial pleading in the case. Rather, such a motion is a response in a pending action or proceeding. Thus, Emergency Rule 9 did not toll or extend Ali's time to file a motion under section 473, subdivision (b).

Neither of the cases Ali relies on in his briefs compels a different conclusion. In *Stanley v. Superior Court* (2020) 50 Cal.App.5th 164, the appellate court determined that the severity of the Covid pandemic supported a trial court's finding of good cause to continue a defendant's criminal trial under Penal Code section 1382. (*Id*. at p. 166.) The rules adopted in response to the pandemic explicitly extended the period provided in Penal Code section 1382 for the holding of a criminal trial. (*Id*. at pp. 167-168.) However, the appellate court based its decision not on the emergency rules adopted due to Covid but on the trial court's " 'broad discretion' " to determine whether good cause existed to continue the trial, as set forth in case law interpreting Penal Code section 1382. (*Id*. at pp. 169-170.) By comparison, the case law interpreting section 473, subdivision (b) makes it clear the trial court has no discretion to hear a motion pursuant to that statute once the six-month time limit has passed. (See *Austin*, *supra*, 244 Cal.App.4th at p. 928;

9

*Arambula*, *supra*, 128 Cal.App.4th at p. 345.) Emergency Rule 9 did not grant the trial court such discretion in this case.

In *County of Los Angeles Department of Public Health v. Superior Court* (2021) 61 Cal.App.5th 478 (*County of Los Angeles*), the trial court enjoined a Covid-related county order temporarily banning outdoor dining until the county performed a risk-benefit analysis to support such an order. (*Id.* at p. 483.) The appellate court held that courts should defer to "public health authorities, particularly during a pandemic, and particularly where. . .the public health authorities have demonstrated a rational basis for their actions," and issued a peremptory writ of mandate directing the trial court to set aside the injunction order. (*Ibid.*) In so holding, the appellate court found that the trial court abused its discretion by issuing the injunction, as there was no likelihood the parties seeking injunctive relief would prevail. (*Id.* at p. 487.)

Ali cites the following language from *County of Los Angeles* in his appellant's opening brief: " '. . .COVID 19 is not a blank check for a State to discriminate against religious people, religious organizations and religious services. There are certain constitutional red lines that a State may not cross even in a crisis. Those red lines include racial discrimination, religious discrimination, and content-based suppression of speech.' (*Calvary Chapel Dayton Valley* [*v. Sisolak* (2020)] 591 U.S. [207,] at p. ___ [140 S.Ct. [2603] at pp. 2614–2615] [*Calvary*] (dis. opn. of Kavanaugh, J.).)" (*County of Los Angeles*, *supra*, 61 Cal.App.5th at p. 490.) Ali seemingly believes that because he alleged causes of action for discrimination in the underlying complaint, the ruling in *County of Los Angeles* required the trial court to reinstate the prior appeal, despite the running of the time limit for the motion under section 473, subdivision (b).

Ali misinterprets the appellate court's opinion. The *County of Los Angeles* court determined that the county's order did not cross the "constitutional red lines" Justice Kavanaugh addressed in his dissent in *Calvary*, holding, "[b]ecause the [moving parties] failed to satisfy their burden of demonstrating the Order is arbitrary, capricious, or

10

without rational basis, we conclude they cannot ultimately succeed on the merits of their claims. Thus, they were not entitled to injunctive relief." (*County of Los Angeles*, *supra*, 61 Cal.App.5th at p. 495.) The trial court's determination that Ali's motion was not timely under section 473, subdivision (b), and thus, implicitly, that Emergency Rule 9 did not toll or extend the six-month deadline set forth in the statute, did not implicate the "constitutional red lines" of discrimination or suppression of speech. We conclude the court properly determined that the Covid-related rule did not extend the deadline for Ali to file his application for relief.

### C. The Trial Court's Emergency Orders did not Extend the Deadline

Separate from the emergency rules adopted by the Judicial Council, the Santa Clara County Superior Court adopted general orders implementing emergency relief related to the Covid-19 pandemic. Relevant to this appeal, the court deemed the period from March 17, 2020, to June 1, 2020, to be a holiday for purposes of computing time for filing papers with the court under sections 12 and 12a.[8] (Super. Ct. Santa Clara County, General Orders re: Implementation of Emergency Relief filed Mar. 18, 2020 at ¶ 1, Apr. 1, 2020 at ¶ 1, Apr. 29, 2020 at ¶ 1, and June 2, 2020 at ¶ 1.)

The superior court's general orders do not assist Ali as they did not "toll" Ali's time to file the motion to reinstate the notice of appeal. Rather, to the extent the motion was due by a date occurring during the "holiday" period, general orders extended the filing to the first business day after the period ended. (See *Philadelphia Reinsurance*, *supra*, 70 Cal.App.5th Supp. at p. 15.) Ali filed the abandonment of appeal on March 27,

_____

[8] Section 12 states, "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." "If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday." (§ 12a, subd. (a).) The term "holiday" includes Saturdays and Sundays, designated judicial holidays, and days on which public offices are closed. (§§ 12a, subd. (a), 12b, subd. (a), 135; Gov. Code, § 6700, subd. (a).)

11

2020, such that a motion under section 473, subdivision (b) was due no later than September 27, 2020. That date was not within the period deemed a holiday by the Santa Clara County Superior Court. Ali's failure to timely file the motion is not excused under the superior court's general orders.

### D. *Ali did not Properly Seek Relief in August 2020*

Ali suggests the trial court erred by failing to notify him that the notice of revocation he filed in August 2020 was insufficient to obtain the relief he requested, arguing that had the court rejected the notice or directed him to file a motion, he would have timely filed the motion to reinstate the appeal. He does not cite any legal authority in support of his contention. We could thus determine that he has forfeited the argument on appeal. (See *Tanguilig, supra,* 36 Cal.App.5th at p. 520.) We exercise our discretion to address the issue on its merits.

Section 473, subdivision (b) requires a party seeking relief under that statute to file an "application" for such relief. While the statute does not define "application," it has been construed to require a noticed motion. (See § 1003 ["An application for an order is a motion."]; *Arambula, supra,* 128 Cal.App.4th at p. 341 [". . . an application for relief under section 473, subdivision (b), is a motion. . . ."].) The pleading Ali filed in August 2020 did not meet the requirements of a motion under California Rules of Court, rule 3.1112, which provides, "Unless otherwise provided by the rules in this division, the papers filed in support of a motion must consist of at least the following: [¶] (1) A notice of hearing on the motion; [¶] (2) The motion itself; and [¶] (3) A memorandum in support of the motion or demurrer." Ali's notice of revocation did not include a notice of a hearing on his request, or a memorandum in support of the request. The local trial court rules in force at the time Ali filed the notice of revocation required a "party seeking a hearing date for law and motion" to "contact the calendar clerk to obtain approved alternate dates for the hearing." (Super. Ct. Santa Clara County, Local Civil Rules of

12

Court, former rule 8(C) (eff. 11/24/14).) There is no evidence in the record that Ali complied with this requirement.

The California Supreme Court's decision in *People v. Davis* (1965) 62 Cal.2d 806 (*Davis*), cited by Ali, does not persuade us to disregard Ali's failure to comply with the requirements to file a proper motion in August 2020. In *Davis*, an incarcerated appellant attempted to file a notice of appeal from a criminal conviction after the deadline for him to do so. (*Id*. at p. 808.) The appellant had an attorney and believed that the attorney would file the notice of appeal, in part because a sheriff's deputy told the appellant the attorney had promised to file the appeal when the appellant asked for an appeal form. (*Ibid*.) The Supreme Court noted that the appellant was "ignorant of appellate procedures," language cited by Ali in his briefs. (*Ibid*.) However, the Supreme Court allowed the appeal to proceed because, at that time, a California Rule of Court expressly allowed the courts to relieve an appellant in a criminal action from his default in failing to timely file a notice of appeal. (*Davis*, at p. 807.) The Supreme Court determined that the appellant's "incarceration, ignorance, and inability to communicate with his counsel" were sufficient grounds to grant relief under that rule. (*Id*. at p. 809.)

Ali does not cite any statute or rule—nor are we aware of any—that would allow the trial court to relieve a self-represented party from compliance with the procedural rules to bring a request for relief before the court. Rather, relevant legal authority provides that self-represented litigants are "held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 639; see *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1443-1444 [appellate court cannot ignore rules of procedure simply because the appellant is "appearing without the benefit of legal counsel."].) The fact that Ali was representing himself did not excuse him from the procedural requirements to bring his request before the trial court prior to September 27, 2020.

Ali does not cite any legal authority support his contention that either the trial court or Cisco was required to notify him that he should file a motion to obtain the relief he wanted. Ali has forfeited that argument. (See *Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.) Further, Cisco's opposition to the notice of revocation, which it filed and served well before the deadline of section 473, subdivision (b) had passed, provided Ali notice of Cisco's contention that Ali had failed to follow the necessary procedural requirements. Based on the foregoing, we conclude that Ali's argument fails.

### E. Conclusion

Having considered the matter de novo, we hold that neither Emergency Rule 9 nor the trial court's Covid-related emergency orders tolled or extended the deadline by which Ali had to file a motion for relief under section 473, subdivision (b). The notice of revocation he filed in August 2020 did not meet the requirements for an application under that statute, such that the trial court did not err by declining to treat it as such. Because Ali did not timely seek relief under section 473, subdivision (b), the trial court correctly denied Ali's March 2021 motion to reinstate the previous appeal, as it was without jurisdiction to grant relief under that statute.[9] (*Austin*, *supra*, 244 Cal.App.4th at p. 928.) For these reasons, we conclude that Ali's challenge to the trial court's order denying his motion to reinstate the appeal is without merit.

### III. DISPOSITION

The order denying Ali's motion to reinstate the appeal is affirmed.

---

[9] In his reply brief, Ali argues that his appeal has legal merit because he had equitable grounds to seek relief even if statutory relief was not available. Ali did not make this argument in his appellant's opening brief. We will not consider an argument that Ali did not timely make, as he has not shown good reason for failing to address the argument in his opening brief, and Cisco has not had an opportunity to respond. (See *Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4; *Jarvis v. Jarvis* (2019) 33 Cal.App.5th 113, 139.)

_____

Greenwood, P. J.

WE CONCUR:

_____

Grover, J.

_____

Lie, J.

Ali v. Cisco Systems, Inc.
No. H049390