Filed 2/6/26  Cohen v. Snyder CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LES COHEN, | B333194 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20STCV33348) |
| v. | |
| STEPHEN SNYDER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

Stephen Snyder, in pro. per., for Defendant and Appellant.

Krause-Leemon Cohen & Daneshrad and David R. Krause-Leemon, for Plaintiff and Respondent.

Defendant Stephen Snyder appeals from a default judgment entered in Les Cohen's lawsuit against him.  We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Cohen sued Snyder in September 2020.  Cohen filed a proof of service of summons stating that on September 26, 2020, registered process server Marco Toscano personally served Snyder with the complaint at 21251 E. Terry Way, Covina, California (the Covina property).  At Snyder's request, the trial court entered a default against Cohen on October 28, 2020.

In August 2022, Snyder filed a motion to quash service of summons.  He also filed a motion to set aside the default entered against him under Code of Civil Procedure section 473.5,[1] on the basis that he did not receive the service of summons, and under section 473, subdivision (b), on the ground that the default was the result of surprise.  Both motions argued that Snyder was in Florida on September 26, 2020, and that the proof of service was therefore fraudulent.  In support of the motions, Snyder declared that he had been living at the Covina property in 2020, but he relocated to Florida on August 20 of that year.  He further declared that he traveled from Florida to Los Angeles on September 10, 2020, returned to Florida on September 15, and flew back to Los Angeles on September 30.  Snyder submitted an email itinerary for a plane ticket for passenger Stephen Williams Snyder from Los Angeles on September 15, 2020, to Fort Lauderdale, Florida.  He submitted another email containing a ticket for a September 30, 2020, flight from Fort Lauderdale to

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

Los Angeles. Snyder also submitted screenshots of cell phone text messages and photographs, including time, date, and location metadata, which he claimed established that he was in Florida on September 25, 27, and 29, 2020.

Cohen opposed both motions. In support of the oppositions, Cohen submitted the proof of service. He also filed a declaration signed by Peter Chao, a nonparty who declared that in October 2020, Snyder told Chao that Snyder had been served with Cohen's summons and complaint. Cohen's oppositions objected to the exhibits attached to Snyder's declaration as hearsay and inauthentic.

Snyder filed replies in support of his motions to quash and to set aside the default. Both replies attached declarations from five individuals. Four of the declarants asserted that they were at the Covina property on September 26, 2020, that Snyder was not there, and that nobody at the residence was served with any papers on that date. The fifth declarant averred that he saw Snyder in Florida on September 6 and 29, 2020.

Cohen objected to the replies to the extent that they sought to introduce new evidence in a reply brief. Cohen also filed a declaration from Toscano, the process server. According to the declaration, Cohen's counsel provided Toscano with "additional images" of Snyder in December 2022, and Toscano declared that, to the best of his recollection, he personally served Snyder with the complaint on September 26, 2020, at the Covina property.[2]

---

[2] Snyder objected to the Toscano declaration on the basis that it was contradicted in part by factual findings in a federal district court decision. "A court may take judicial notice of a court's action, but may not use it to prove the truth of the facts

3

Snyder submitted a declaration explaining that his replies were filed late because he had difficulty accessing Cohen's oppositions and because he received the oppositions shortly before the Thanksgiving holiday, during which he was traveling. Snyder did not address Cohen's argument that the court should ignore any evidence identified for the first time in the replies.

The trial court issued a tentative ruling denying Snyder's motion to quash service of summons. The tentative ruling concluded that the facially valid service of summons established a presumption of proper service. The court reasoned that Snyder failed to rebut that presumption because he "relie[d] solely on" his own declaration, which the court found to be "self-serving and unsupported by admissible evidence." It also found that Snyder failed to provide "proper evidence of residence in Florida" at the time of service. At the December 7, 2022 hearing on the motion to quash, Synder argued that the tentative ruling ignored the evidence attached to Snyder's reply brief. Cohen asserted that this evidence should be ignored because it was filed late. The trial court did not expressly address the parties' arguments as to the reply evidence. It adopted its tentative ruling as final and denied the motion to quash.

The court denied Snyder's motion to vacate the default on December 8, 2022. The court again found that Snyder failed to rebut the presumption of proper service. It acknowledged that Snyder had submitted photos and metadata suggesting he was in

---

found and recited." (*O'Neill v. Novartis Consumer Health, Inc.* (2007) 147 Cal.App.4th 1388, 1405.) Although the record does not reflect whether or how the trial court resolved Snyder's objection, we assume it did not improperly consider the factual findings recited in the opinion that Snyder identified.

4

Florida on certain dates, but it found that none of the evidence established that Snyder was not present at the Covina property or served with the service of summons on September 26, 2020. The court held a hearing on the motion to vacate, but the hearing was not transcribed by a court reporter.

On December 16 and 19, 2022, Snyder filed motions to reconsider both orders. He reserved hearings for the motions on January 8 and 9, 2025.

The trial court entered a default judgment against Snyder on August 7, 2023. Snyder timely appealed from the default judgment.

## DISCUSSION

On appeal, Snyder primarily reiterates the points he raised in the trial court: that he was not properly served and, relatedly, that the proof of service was fraudulent. Although the trial court entered two orders expressly rejecting these arguments, Snyder does not directly challenge those orders in his opening brief. For example, rather than arguing that the trial court abused its discretion in denying his motion to set aside the default under section 473.5, Snyder asks this court to vacate the default or the default judgment under that provision. However, an appellate court reviews the correctness of a trial court ruling. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 (*Zeth S.*).) Failure to demonstrate that the ruling was erroneous may forfeit or abandon any claims on appeal. (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

We therefore construe Snyder's arguments as contending the trial court abused its discretion in denying his motions to set aside the default and to quash service of summons, both of which argued that Snyder was not served and that the proof of service

5

was fraudulent.  Finding no error or abuse of discretion, we affirm.

## I.     Snyder has not established any basis to reverse the order denying his motion to set aside the default

### A.     *The trial court did not err or abuse its discretion in denying Snyder's request for relief under section 473.5*

If the trial court finds that a defendant did not receive actual notice of a lawsuit, and that the lack of notice "was not caused by his or her avoidance of service or inexcusable neglect, it may set aside [a resulting] default or default judgment on whatever terms as may be just and allow the party to defend the action." (§ 473.5, subd. (c).)

We review an order denying a motion under section 473.5 for abuse of discretion.  (*Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 212.)  "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review.  The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712.)[3]

---

[3]     Snyder argues that the standard of review is de novo because his arguments implicate pure questions of law.  While Snyder raises some legal contentions, he primarily challenges the court's section 473.5 order, which we review for abuse of discretion, and he disputes the trial court's evidentiary rulings

The trial court found that Cohen filed a facially valid proof of service, which created a rebuttable presumption of proper service.[4] (*Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795; Evid. Code, § 647.) It further found that Snyder failed to rebut the presumption and, in turn, that he was properly served. We find no basis for reversal.

Snyder declared that he was not served with the complaint, but the court discredited his declaration as self-serving. "It is not our role as a reviewing court to reweigh the evidence or to assess witness credibility." (*Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 162.) The court " 'was not required to accept this self-serving evidence . . . .' " (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 751 (*Rodriguez*); *Lee v. Yan* (2025) 115 Cal.App.5th 975, 978–979 [presumption of proper service not rebutted by "incredible" declaration disputing service].) Moreover, the Chao declaration averred that Snyder admitted in

---

and factual findings. We apply the appropriate standard of review to each aspect of the trial court rulings.

[4]     Snyder asserts that the proof of service is deficient because it lacked a description of the person served, a declaration of diligence, and corroborating evidence such as a photograph. Snyder appears to reference the requirements for substituted service, which is only permitted after reasonably diligent attempts at personal service. (§ 415.20, subd. (b).) But a proof of personal service need only specify the "time, place, and manner of service and facts showing that the service was made in accordance with this chapter," as well as the name of the person served. (§ 417.10.) The proof of personal service in this case satisfied these basic requirements.

October 2020 that he had been served with the complaint, which further supports the trial court ruling.[5]

Snyder also argues that the evidence filed in support of his declaration rebutted the presumption of proper service. Cohen objected to this evidence on the basis that it was hearsay or inauthentic, and the court sustained that objection, finding that Snyder's declaration was "unsupported by admissible evidence." We review evidentiary rulings for abuse of discretion, and here, we find no abuse. (*People v. Flores* (2020) 9 Cal.5th 371, 409.) Snyder submitted receipts for flights from Los Angeles to Florida on September 15, 2020, and from Florida to Los Angeles on September 30, but these establish only that someone purchased plane tickets in Snyder's name. They do not support the proposition for which Snyder cited them—that is, that Snyder actually used the tickets. (Cf. *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 87 [receipts inadmissible as hearsay to prove that the purchased service occurred].) Snyder also provided screenshots from a cell phone showing text messages and photographs, all of which included date, time, and location metadata. But aside from Snyder's discredited declaration, nothing in the record establishes that the screenshots were taken from Snyder's cell phone, or that they otherwise establish where Snyder was at any given time. (Cf. Evid. Code, § 1401 [writings must be authenticated].)

---

[5] Snyder argues that Chao's declaration constitutes hearsay. Although Snyder objected to the declaration below, he did not assert that it was hearsay, meaning Snyder forfeited this claim. (*In re Marriage of Kerry* (1984) 158 Cal.App.3d 456, 466.) Moreover, Snyder's statements to Chao were offered against Snyder, and were therefore admissible as admissions of a party opponent. (Evid. Code, § 1220.)

Moreover, even if the court had considered the evidence supporting Snyder's declaration, substantial evidence supports its finding that the presumption of proper service was unrebutted. As the trial court correctly observed, none of the flight receipts, photographs, or text messages were dated September 26, 2020, the date of service. For example, even assuming that Snyder flew from Los Angeles to Florida on September 15 and from Florida to Los Angeles on September 30, this does not foreclose the possibility that Snyder traveled to Los Angeles another time between those dates. The evidence could support an inference that Snyder was in Florida on September 26, 2020. But "when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.)

On appeal, Snyder also discusses five declarations filed with his reply in support of his motion to set aside the default. Cohen objected to these declarations below on the basis that new evidence may not be submitted with reply briefs. Snyder argues that the trial court did not resolve the objection. However, the court's order denying the motion to quash stated that Snyder "relie[d] solely on" his own declaration. In the order denying Snyder's motion to set aside the default, the court referenced its earlier analysis, and the court never discussed the reply declarations. Thus, the court at least implicitly sustained Cohen's objection to these declarations. We cannot say that the court abused its discretion in doing so, because "new evidence is not permitted with reply papers." (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537 (*Jay*).)

9

Even if the court considered the declarations filed with Snyder's reply, we would still find no basis to reverse. When a court considers new evidence identified in a reply, the court will ordinarily permit the opposing party "the opportunity to respond." (*Jay*, *supra*, 218 Cal.App.4th at p. 1538.) After Snyder filed his reply, Cohen submitted a declaration from Toscano, the process server. Toscano averred that he had consulted additional photographs of Snyder and that, to the best of his recollection, he personally served Snyder on September 26, 2020. The court may have also considered the Chao declaration, which asserted that Snyder admitted in October 2020 that he had received the complaint. Thus, to the extent that the court considered the evidence Snyder filed in reply, the court was forced to make factual findings based on contradictory declarations. It rejected Snyder's position and accepted Cohen's. Where, as here, " 'an issue is tried on affidavits, the rule on appeal is that . . . where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed.' " (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387.)

Finally, Snyder asks this court to reverse the judgment based on additional declarations and evidence that he filed in support of his motion for reconsideration of the order denying his motion to set aside the default. We decline this invitation.

For reasons not reflected in the record, Snyder selected a January 2025 hearing date for his December 2022 reconsideration motion. The court entered a default judgment against Snyder before the hearing occurred, and thereby implicitly denied the reconsideration motion. (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1238.) At that

10

point, Snyder "should have abandoned the now invalid motion for reconsideration [citation] and attacked the judgment in one of three ways: by a motion for a new trial; by a motion to vacate; or by filing a timely notice of appeal." (*Ibid*.) For example, Snyder could have "asked the court to treat the motion for reconsideration as a motion for a new trial over which the trial court still had jurisdiction." (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 194.) Snyder also could have filed a postjudgment motion under the same theory as his reconsideration motion.

Snyder did not pursue any further relief in the trial court. He instead filed this direct appeal, in which he appears to challenge the implied denial of his reconsideration motion. Snyder has not identified any legal authority establishing that the trial court erred by entering judgment while the reconsideration motion was pending. But even assuming this was error, we would reverse only if it prejudiced Snyder, that is, if " 'a different result would have been probable' " but for the error. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 802, italics omitted.) Snyder does not argue that the error was prejudicial. For example, he does not assert that the trial court would have likely reversed its order declining to set aside the default, if it had reviewed the three additional declarations. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court will not develop appellant's arguments].)[6]

---

[6] Nor does it appear that reconsideration or reversal was reasonably probable. When a party seeks reconsideration "based on new or different facts," the new evidence "must be such that

11

Snyder also argues that this court should consider the declarations supporting his reconsideration motion merely because they were included in the appellate record. But an appellate court " 'reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' " (*Zeth S.*, *supra*, 31 Cal.4th at p. 405.) As we have discussed, the trial court did not consider the evidence filed in support of Snyder's reconsideration motion. Snyder has not identified any authority supporting his argument that this court should consider that evidence in the first instance.

### B.     *Snyder has not established that the default or default judgment resulted from extrinsic fraud*

Snyder also asserts that the trial court should have set aside the default due to extrinsic fraud because the proof of service was false. A trial court has "inherent power to vacate a default judgment or order on equitable grounds where a party establishes that the judgment or order . . . resulted from extrinsic

_____

the moving party could not, with reasonable diligence, have discovered or produced it" earlier. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212–213.) The three declarations are signed by Snyder's roommate, landlord, and real estate agent, for an apartment he rented in September 2020. Snyder declared that he attempted to contact these individuals when he learned about the lawsuit, but he provided few details about these efforts. We cannot conclude that it is probable that the court would have found Snyder's vague assertions sufficient to establish reasonable diligence. Nor can we conclude that the court would have likely credited the new declarations, which conveniently surfaced just a few days after the court denied Snyder's motions, and which describe specific events that occurred more than two years prior.

fraud or mistake." (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228 (*Gorham*).) "Extrinsic fraud occurs when a party is deprived of the opportunity to present a claim or defense to the court as a result of being kept in ignorance or in some other manner being fraudulently prevented by the opposing party from fully participating in the proceeding." (*Id.* at pp. 1228–1229.) Among other things, "a false return of summons may constitute both extrinsic fraud and mistake." (*Id.* at p. 1229.)

As we have discussed, the trial court found that Snyder was personally served with the summons. Because Snyder received notice of the action, he had an opportunity to defend himself, and we therefore reject his assertion that the proof of service constitutes extrinsic fraud. (*Rodriguez, supra,* 236 Cal.App.4th at p. 750.)

Snyder also argues that Cohen's failure to notify him of the default constitutes extrinsic fraud and warrants reversal of the judgment. Because Snyder did not raise this point below, we reject it as forfeited. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.) Moreover, Snyder does not assert that this precluded him from participating in the lawsuit, particularly since the trial court determined that he was personally served with the complaint.

Next, Snyder contends the judgment must be set aside due to extrinsic fraud because Cohen failed to disclose in the complaint that he had entered a settlement agreement with Snyder. According to Snyder, the settlement agreement forecloses all of Cohen's claims against him. Snyder fails to explain, however, why this supposed failure "deprived [Snyder] of the opportunity to present a claim or defense." (*Gorham, supra,*

186 Cal.App.4th at pp. 1228–1229.) Since Snyder was served with the complaint, if he believed that the settlement agreement insulated him from liability, he could have filed a demurrer or an answer raising appropriate defenses. Moreover, Snyder failed to include the complaint in the record on appeal. We are unable to assess whether Cohen concealed the settlement agreement or whether the agreement bars the claims in the complaint. We therefore reject this argument as forfeited. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]"].)

### C.     *Snyder was not entitled to relief under section 473, subdivision (b)*

Finally, Snyder argues that the court should have set aside the default under section 473, subdivision (b). That provision gives a court discretion to "relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." Although Snyder cited this provision in his motion to set aside the default, the trial court did not directly address it in its order denying that motion. We nonetheless find no basis for reversal. A motion to set aside a default under section 473, subdivision (b) must be filed no later than six months after the default " 'was taken.' " This deadline is mandatory and inflexible. (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 344.) The court entered a default as to Snyder in October 2020, and Snyder moved to set aside the default 22 months later, in August 2022. "[B]ecause more than six months had elapsed from

14

the entry of default. . . relief under section 473 was unavailable."[7] (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.)

## II. The trial court did not abuse its discretion in denying Snyder's motion to quash

Snyder also contends that the trial court abused its discretion by denying his motion to quash service of summons. He raises the same points that he raised as to the denial of his motion to set aside the judgment—namely, that he was not served, and that the proof of service was fraudulent. As we have discussed, the trial court determined that Snyder was personally served, and it did not err or abuse its discretion in discounting or ignoring Snyder's evidence to the contrary. Snyder has not identified any other basis to reverse the order denying his motion to quash. We therefore affirm the order.

## III. Snyder has not established any due process violation

Finally, throughout his briefing, Snyder asserts that the trial court violated his due process rights because he was not served with the complaint. As we have discussed, we discern no error or abuse of discretion in the court's finding that Snyder was properly served. To the extent that Snyder means to argue that his due process rights were violated in some other manner, we

---

[7] Snyder notes that he was not served with the default. But the six-month deadline in section 473, subdivision (b) runs from the time that the default "was taken," without reference to written notice. (Compare § 473.5 [motion to set aside default for lack of actual notice must be filed within two years of the entry of a default judgment or "180 days after service on him or her of a written notice that the default . . . has been entered"].)

15

reject his claims as forfeited because they are unsupported by reasoned argument.  (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075.)

## DISPOSITION

The judgment is affirmed.  Respondent is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HANASONO, J.

We concur:

EDMON, P. J.

EGERTON, J.